**WAYLYN CORPORATION, Defendant, Appellant,**

v.

**Jose E. CASALDUC, Receiver, et al., Appellees.**

**No. 4886.**

United States Court of Appeals, First Circuit.

March 2, 1955.

William G. Grant, San Juan, Puerto Rico, with whom Garrard Harris, Benicio Sanchez Castano, San Juan, Puerto Rico, and Arthur Rittenberg, Charleston, S. C., were on brief, for appellant.

Gabriel de la Haba, San Juan, Puerto Rico, for appellee, Casalduc, Receiver.

Before MAGRUDER, Chief Judge, and MARIS and WOODBURY, Circuit Judges.

PER CURIAM.

A complaint was filed in the court below on behalf of the United States, seeking foreclosure of a defaulted mortgage held by the Federal Housing Administration as assignee. The mortgage, executed by defendant-appellant Waylyn Corporation, covered certain housing accommodations located in Puerto Rico. On January 19, 1954, the district court, pursuant to a motion by the plaintiff, entered an order appointing Jose E. Casalduc, appellee herein, as permanent Receiver of the properties subject to the foreclosure proceeding.

By this order the Receiver was directed to take possession of all the property, books, records and funds of the defendant corporation pertaining to the properties under foreclosure; to conduct the business of the defendant with respect to the several housing accommodations in question, leasing the same, collecting all rents due or to become due and otherwise operating said properties to the best advantage; to "collect and receive all income, outstanding accounts, things in action and credits due or to become due, and to hold and deposit and retain all monies thus received to the end that the same may be applied under this and different or further orders of this court." Furthermore, the order enjoined all persons from interfering with the property of the defendant subject to the foreclosure proceeding and placed in the possession of the permanent Receiver, and from continuing the possession or custody of any such property against the demand of the Receiver.

This order of January 19, 1954, though interlocutory, was immediately appealable under 28 U.S.C. § 1292(2) as an order appointing a receiver. However, no appeal was taken from this order; and the Receiver went into possession and proceeded to operate the properties.

It appears that, prior to the institution of the foreclosure proceedings, Waylyn Corp. had entered into lease contracts with the various tenants of the housing accommodations under the terms of which the tenants were required each to make a deposit of $45 with the lessor. The contract provided that if at the termination of the lease the premises were found to be in good condition, reasonable wear and tear excepted, and if no amounts were then due the lessor by the tenant, all such sums of money received by the lessor on deposit should be returned to the lessee.

In order to carry out the terms of the court order of January 19, 1954, appointing him receiver, the Receiver demanded of Waylyn Corp. the turning over to him of the said deposits, made by the tenants, totaling $9900. Upon refusal of the

890

lessor to make such transfer, the Receiver applied to the district court for a turn-over order. In his motion to that effect the Receiver recited that the amount of these deposits in the hands of the defendant formed part of the estate in receivership, as the deposits were made as a condition of the lease contracts which formed part of the estate, which leases were adopted by the Receiver and remain in full force and effect. Further, the motion recited that some of the tenants had vacated the leased premises owing rent to the Receiver "which must be collected from the cash deposits securing their contracts"; that other tenants, not being in default, had moved out and had lawfully demanded repayment of their deposits, "which cannot be done by your receiver unless the defendant turns over the amounts so deposited by the tenants." After hearing, the court on May 18, 1954, entered its order directing Waylyn Corp. to turn over to the Receiver all amounts deposited by the tenants under their lease contracts, such amounts "to be held by the receiver as deposits to secure payment of rent and the compliance with the terms of the lease contracts adopted by the receiver."

The present attempted appeal is from this turn-over order of May 18, 1954. The Receiver has moved to dismiss the appeal for lack of jurisdiction. We think the motion must be granted.

From the rationale of Catlin v. United States, 1945, 324 U.S. 229, 65 S. Ct. 631, 89 L.Ed. 911, it is obvious that the order now sought to be reviewed on appeal is not a "final decision" within the meaning of 28 U.S.C. § 1291.

Nor is this turn-over order the type of interlocutory order made appealable by 28 U.S.C. § 1292(1). Of course, as a matter of semantics, it is possible to label the order directing the lessor to turn over the deposits a "mandatory injunction", though the common usage of this phrase is to describe a judicial command which, though cast in the form of a negative restraint, nevertheless requires the person as a practical matter to perform some affirmative act in order to put himself into compliance. See Pomeroy, Equitable Remedies (2d ed. 1919) § 2057. But a mere administrative turn-over direction, in the course of a receivership, designed to effectuate a provision in the previously unappealed order appointing the receiver, is not an interlocutory order granting an injunction, within the meaning of § 1292(1). Garden Homes, Inc., v. United States, 1 Cir., 1952, 200 F.2d 299. See Cogen v. United States, 1929, 278 U.S. 221, 49 S. Ct. 118, 73 L.Ed. 275.

An order will be entered dismissing the appeal for lack of jurisdiction.