UNITED STATES of America, Plaintiff, Appellant,

v.

Charles M. FAUCI et al., Defendants, Appellees.

No. 5157.

United States Court of Appeals First Circuit.

Heard Jan. 8, 1957.

Decided March 20, 1957.

**238**

———◆———

David O. Walter, Atty., Dept. of Justice, Washington, D. C., with whom Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and A. F. Prescott, Attys., Dept. of Justice, Washington, D. C., Anthony Julian, U. S.; Atty., and John M. Harrington, Jr., Boston, Mass., were on the brief, for appellant.

Edward P. Kirby, Whitman, Mass., with whom Cortland A. Mathers, Brockton, Mass., was on the brief, for Frances E. Denehy, appellee.

Charles M. Fauci, appellee, submitted on the record appendix by leave of Court.

Before WOODBURY and HARTIGAN, Circuit Judges, and WYZANSKI, District Judge.

WOODBURY, Circuit Judge.

Since this appeal must be dismissed for lack of appellate jurisdiction it can be disposed of without more than a brief outline of a few pertinent facts as to which there can be no dispute. It will be enough for present purposes merely to say that the United States brought an action in the court below against numerous defendants to enforce an alleged tax lien under § 3670 of the Internal Revenue Code of 1939, 26 U.S.C. (1952) § 3670, against four parcels of real estate in Massachusetts, which it alleged that certain of the defendants as delinquent income tax payers had transferred subject to the lien to two other defendants as trustees. The various defendants answered and following a pre-trial hearing at which all counsel were present, the court entered an order directing the two trustee-defendants to pay $200 per month from the income of the property to each of two transferor-defendants who, the court found, were in dire financial need. The United States seasonably filed notice of appeal from this order.

The order appealed from is clearly not a final decision of the District Court appealable under Title 28 U.S.C. § 1291, for certainly it does not even purport to dispose of the entire controversy between the parties. After the order was entered the case remained on the docket for hearing and eventual final disposition on the merits.

Obviously the order is purely interlocutory. The question therefore is whether it is an order granting an injunction within the meaning of Title 28 U.S.C. § 1292(1). We think it is not.

Perhaps as a matter of semantics it would be possible to label the order a mandatory injunction. See Waylyn Corp. v. Casalduc, 1 Cir., 1955, 219 F.2d 888, 890, and cases cited. Nevertheless should we do so the fact would remain that the order is not an injunction in the ordinary sense of that term. Indeed, in spite of the directory terms in which the order is couched, it is doubtful whether the court could issue or intended to issue a general command to the trustee-defendants with respect to the administration of their Massachusetts trust backed by the sanction of summary proceedings for contempt. It would seem that actually all the court did or intended to do was to tell the trustees that as far as this litigation was concerned they were at liberty, if they chose, to pay the two needy beneficiary-defendants $200 per month each out of the income of the property held in trust until the court ordered them to do otherwise.

Moreover, if the term "injunction" as used in § 1292(1) is so broadly defined as to include the order from which this appeal is taken, then it would follow that any number of other purely interlocutory orders entered in the course of trials in the district courts would also be appealable and the established policy against piecemeal review except in particularized situations would be thwarted.

Judgment will be entered dismissing the appeal for want of appellate jurisdiction.