**Charles M. FAUCI, Respondent, Appellant,**

**v.**

**Edwin F. HANNON, Jr., Receiver, et al., Appellees.**

**No. 5696.**

United States Court of Appeals First Circuit.

Heard Oct. 4, 1960.

Decided Oct. 18, 1960.

Charles M. Fauci, pro se.

Thomas E. Goode, Boston, Mass., for Edwin F. Hannon, Jr., receiver, appellee.

George C. Caner, Jr., Asst. U. S. Atty., Boston, Mass., with whom Elliot L. Richardson, U. S. Atty., Boston, Mass., was on brief, for United States, appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

■■■ This is the third appearance before us of this action, commenced in the district court for the district of Massachusetts in 1955, in which the government seeks to recover substantial tax indebtedness of appellant and others by the enforcement of liens against their real estate. United States v. Fauci, 1 Cir., 1957, 242 F.2d 237; Fauci v. Hannon (Denehy v. Hannon), 1 Cir., 1960, 275 F.2d 234, certiorari denied 363 U.S. 811, 80 S.Ct. 1247, 4 L.Ed.2d 1153. The present proceedings arise from the receiver's attempt to sell a certain parcel to the lessee thereof, who has purported to exercise an option to purchase contained in the lease. Appellant contends, (a) that the court should award him counsel fees out of the fund so that he may contest the sale. As to this, without suggesting that such a motion would ever be proper, it is sufficient to say that appellant has neither shown that he is unable to employ counsel otherwise, nor has he in any way suggested the existence of a meritorious dispute. (b) that the option, though once in existence, has terminated. Admittedly the lease is still in effect. We are given no adequate reason to believe that the option is not. (c) that the price fixed by the option (which need not be accepted if it be true that the option is not enforceable), is inadequate and could be exceeded elsewhere.

■■ With regard to the case as a whole, the government produced evidence that the option price was in all probability the best obtainable anywhere. Appellant offered no testimony, expert or otherwise, in contradiction. On such a record the court's finding in favor of the government is invulnerable. We cannot hold that the receiver was obliged to engage in a lawsuit to contest the option and then sell the property at public auction.

Judgment will be entered affirming the judgment of the District Court.