Thomas P. FLORIDA et al., Appellants,

v.

UNITED STATES of America et al., Appellees.

Andrew J. FLORIDA et al., Appellants,

v.

UNITED STATES of America et al., Appellees.

Nos. 16476, 16477.

United States Court of Appeals Eighth Circuit.

Dec. 22, 1960.

E. L. McHaney, Little Rock, Ark., for appellants, Thomas P. Florida and Stephens Co.

Leon B. Catlett, Little Rock, Ark., and E. J. Ball, Fayetteville, Ark., for appellants, A. J. Florida and others; Catlett & Henderson, Little Rock, Ark., on the brief.

Wayne W. Owen, Little Rock, Ark., for appellee, Beverly J. Lambert, Jr., receiver.

Homer R. Miller, Atty., Tax Div., Dept. of Justice, Washington, D. C., for United States, appellee; Charles K. Rice, Asst. Atty. Gen., Meyer Rothwacks, A. F. Prescott and Douglas A. Kahn, Attys., Dept. of Justice, Washington, D. C., and Osro Cobb, U. S. Atty., and James Gallman, Asst. U. S. Atty., Little Rock, Ark., on the brief.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and REGISTER, District Judge.

VAN OOSTERHOUT, Circuit Judge.

This is an action commenced by the Government pursuant to §§ 7402(a) and 7403, Internal Revenue Code, 1954, 26

U.S.C.A. §§ 7402(a), 7403, to enforce payment of taxes, to foreclose tax liens, to secure restraining orders and injunctions, and the appointment of a receiver.

This case is still in its early stages and these appeals are from an order of December 2, 1959, appointing a temporary receiver over certain assets, and an ex parte order of December 31, 1959, directing the marshal to place the receiver in charge of the assets of Reserve Estate Life Insurance Company, hereinafter called Reserve Life. Discussion of the conflicting facts and legal problems presented by this litigation will be confined to the issues presented by these appeals.

The complaint alleges that Andrew J. Florida and wife are indebted to the Government for income taxes for the year 1949 and the years 1951 to 1954, inclusive, in the sum of $3,882,466.55; that George H. Florida and wife are similarly indebted for federal income taxes for the years 1951 to 1954, inclusive, in the amount of $1,662,052.49; that valid assessments had been made against the taxpayer for such delinquent taxes, pursuant to the statute. The Commissioner also made substantial assessments against a large number of defendant Arkansas and Tennessee corporations owned and controlled by Andrew J. and George H. Florida, which corporations he claimed had not fulfilled separate corporate purposes but were in fact merely alter egos for the taxpayers. It is alleged that Andrew J. Florida and wife are liable as transferees under the trust fund theory for taxes of a number of such corporations and in the amount of $2,513,415.03, and that George H. Florida and wife have a similar liability in the amount of $1,699,000.19.

The complaint alleges that the Floridas had filed false and fraudulent income tax returns with intent to evade taxes; that they own property within the court's jurisdiction; that the taxpayers were insolvent; that their assets had been concealed and shifted about and dissipated; that a receiver was necessary to prevent transfers and concealment of taxpayers' property and to preserve said property as a source for enforcement of liability for taxes.

The court, after a hearing, on December 2, 1959, appointed a receiver pendente lite over the property of Andrew J. Florida and George H. Florida, and their wives, and the property of the defendant Arkansas and Tennessee puppet corporations. A receivership was denied over the assets of the defendant Reserve Life.

The court's memorandum opinion supporting its December 2, 1959, order is reported at 178 F.Supp. 627. On the issue of receivership for Reserve Life, the court states:

"Although the Court is convinced that there should be a receivership, it is not felt that the same should extend to Reserve Estate Life Insurance Company itself. That company is solvent, according to its last balance sheet. The appointment of a receiver might well have an adverse effect on the company's policy holders, its value as a going concern, and its future prospects. This the Court would avoid. It would seem that the rights of the Government can be adequately protected if the receiver assumes control of the stock of the insurance company, as contrasted to the company itself and its assets. With the receiver in control of the stock, he can exercise all rights that the owners thereof could exercise." 178 F.Supp. at page 632.

The court in its order as amended states:

"The application of the plaintiff for the appointment of a receiver to take charge of the affairs of the defendant, Reserve Estate Life Insurance Company is denied. However, subject to the rights of Union Planters National Bank, Mrs. Corrine Watson, Stephens Company, Inc., and Thomas P. Florida as pledgees of portions of the stock in said company, this receivership shall extend to said stock and the receiver appointed herein is hereby vested with all of the rights and powers with respect to said stock, including voting

rights, which could be exercised by the owners of said stock at this time, or which said owners during the pendency of these proceedings may or might become entitled to exercise. Upon termination of any pledge of said stock held by Union Planters National Bank, or upon the release of any portion of said stock from pledge by Union Planters National Bank, such stock or the released portion thereof shall be surrendered promptly to Stephens Company, Inc., and Thomas P. Florida to be held by them pursuant to the terms of the original pledge. When all indebtedness secured by a pledge or pledges of such stock has been paid the pledgee or pledgees shall promptly surrender such stock to the receiver to be by him held and controlled along with other receivership assets."

On December 31, 1959, the receiver appointed by the December 2 order filed a petition asserting that he became the owner of the Reserve Life stock by virtue of the December 2 order, and that he called a meeting of the stockholders and voted all the stock and elected himself and his nominees directors, who in turn elected him president; that he is entitled to the records and assets of Reserve Life; that a demand therefor has been made and refused. The receiver prayed for an order directing the United States Marshal to seize the records and assets of Reserve Life and deliver them to him. The court on the same day entered an order ex parte granting the relief prayed. The order reads:

"On petition of Beverly J. Lambert, Jr., Receiver herein, and for good cause shown, it is by this Court considered, adjudged and decreed that the Honorable Beal Kidd, U.S. Marshal for the Eastern District of Arkansas, be and he is hereby authorized and directed to gather unto himself all the assets, records and books of account of every nature, including the corporate seal of the Reserve Estate Life Insurance Com-

pany, and immediately surrender the same unto the said Beverly J. Lambert, Jr."

Two separate, timely appeals were taken from the orders of December 2 and December 31, 1959. Thomas P. Florida and Stephens Company, Inc., a corporation wholly owned and controlled by Thomas P. Florida, are appellants in case No. 16,476, Andrew J. Florida, George H. Florida, their wives, and Reserve Life are appellants in case No. 16,477.

Our first problem is to determine whether we have jurisdiction to consider these appeals. No final judgment has been entered in this action. Hence no jurisdiction under these appeals is conferred by 28 U.S.C.A. § 1291.

Title 28 U.S.C.A. § 1292 authorizes interlocutory appeals in certain unusual and limited situations. The pertinent part of the statute, so far as these appeals are concerned, is subsection (a) (2), which provides:

"(a) The courts of appeals shall have jurisdiction of appeals from:

\*   \*   \*   \*   \*   \*

"(2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property;"

The December 2 order is clearly an interlocutory order appointing a receiver. No party questions the appealability of such order. Section 1292(a) (2) clearly confers jurisdiction upon this court to consider the appeal from the December 2 order.

A very close and difficult question is presented as to our jurisdiction to consider the appeal from the order of December 31. A careful reading of the two orders appealed from convinces us that neither order expressly appoints a receiver over Reserve Life. In the December 2 order, the court states, "The application of the plaintiff for the appointment of a receiver to take charge of the affairs of the defendant, Reserve Estate Life Insurance Company, is denied." The De-

cember 31 order, read in the light of the petition for such order, strongly indicates that the order is based upon the receiver's claim that he is entitled to the assets as the authorized managing officer of the corporation, and that it is not an order appointing a receiver for Reserve Life. The complaint makes no allegation that Reserve Life is owing any delinquent taxes. The court, in its December 2 order above quoted, in effect found that Reserve Life was a separate and distinct corporate entity serving a legitimate corporate purpose. In the light of the court's statements in the December 2 order and its opinion, we do not believe the December 31 order is intended to be or is in fact an order appointing a receiver for Reserve Life. If the court had intended to appoint a receiver for Reserve Life, we believe it would have said so in specific terms.

■ Appellants have cast considerable doubt upon the validity of the December 31 ex parte order.[1] However, jurisdiction to consider appeals is governed by statute. We find no statutory basis for an appeal from the interlocutory order of December 31. We note that appellants have made no attempt to take this appeal under the provisions of 28 U.S.C.A. § 1292(b).

■ Appellants argue that the December 31 order is in practical effect the appointment of a receiver. The answer to this contention is that statutes authorizing interlocutory appeals are to be strictly construed. Changes in appeal jurisdiction should be made by appropriate legislation, not by judicial modification. "It is the responsibility of all courts to see that no unauthorized extension or reduction of jurisdiction, direct or indirect, occurs in the federal system." Baltimore Contractors v. Bodinger, 348 U.S. 176, 181, 75 S.Ct. 249, 253, 99 L.Ed. 233. The court there held that an order refusing to stay a trial for arbitration proceedings did not constitute a refusal to grant an injunction and hence did not authorize an interlocutory appeal.

In Waylyn Corporation v. Casalduc, 1 Cir., 219 F.2d 888, the court held that a turn over order directing the mortgagor to turn over to a receiver previously appointed certain deposits made by lessees was not a final order or an order appealable under 28 U.S.C.A. § 1292.

Appellants make some contention that the right of appeal from the December 2 order carries with it the right to appeal from the December 31 order. Reliance is placed upon Skirvin v. Mesta, 10 Cir., 141 F.2d 668. In that case the court properly found it had jurisdiction to entertain an appeal from an interlocutory order refusing to terminate a receivership. Appellants take out of context and place unwarranted reliance upon the statement at page 672, reading:

"But on appeal from an appealable order or from the final judgment, all interlocutory orders affecting the rights of the parties in respect of the matters in question between them are open to review."

---

1. The Reserve Life is a defendant in this action. Its 25,000 shares of common stock are owned by Andrew J. and George H. Florida. Prior to the time the government acquired its tax liens, 7,100 shares of stock were pledged to Corrine Watson as security for a $135,-000 loan, and the remaining 17,900 shares were pledged to Thomas P. Florida and Stephens Company, Inc., and by them in turn to defendant Union Planters National Bank as security for a loan of $1,500,000, upon which some $500,000 remains unpaid. The court in its December 2 order regarded such pledges as being legitimate and unredeemed. The stock apparently remained in the possession of the pledgees and was not in the receiver's hands. Under such circumstances, doubt may exist whether the receiver had sufficient status under the corporate laws of Arkansas and the Articles of Incorporation and Bylaws of Reserve Life to call a meeting and vote the stock which apparently was not in his possession but subject to pledge, in the manner in which he did. We also have doubt whether this is the type of an issue that can be adjudicated in summary proceedings without a hearing.

■ There is, of course, no question that upon appeal from final judgment any errors in the prior proceedings are open for review. The opinion as a whole shows that the court definitely found a number of interlocutory orders were not reviewable, such as the order denying the affidavit of disqualification and the order denying the motion to vacate consolidation. The cited case does not hold that non-appealable interlocutory orders entered subsequent to an appealable order are open for consideration upon appeal. We find no merit to this contention.

Finally, appellants contend that the order is appealable under the rule announced in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, and Swift & Co. Packers v. Compania Caribe, 339 U.S. 684, 70 S. Ct. 861, 94 L.Ed. 1206. In the Swift case, the trial court vacated an attachment against a foreign vessel in a libel in personam action. The Supreme Court held that jurisdiction existed to entertain the appeal, stating:

"We believe that the order comes squarely within the considerations of our recent decision in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 [69 S.Ct. 1221, 93 L.Ed. 1528]. The litigation arising out of the claim of the libellants has not run its entire course, but the order now here, like that in the Cohen case, 'appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate con-

sideration be deferred until the whole case is adjudicated.' 337 U.S. at [page] 546 [69 S.Ct. at page 1225, 93 L.Ed. 1528]. Appellate review of the order dissolving the attachment at a later date would be an empty rite after the vessel had been released and the restoration of the attachment only theoretically possible. * * * The situation is quite different where an attachment is upheld pending determination of the principal claim. Such was Cushing v. Laird, 107 U.S. 69 [2 S.Ct. 196, 27 L.Ed. 391], which is urged on us. In such a situation the rights of all the parties can be adequately protected while the litigation on the main claim proceeds." 339 U.S. at pages 688–689, 70 S.Ct. at page 864.

We do not believe that our present factual situation warrants the application of the Cohen rule. Rather, our facts here fall more nearly within the different situation discussed in the last part of the quotation just set out.

■ We hold that we are without jurisdiction to entertain the appeal from the December 31 order.[2]

Since the December 31 order is not a final order, the trial court is not bound by such order and can upon further hearing and consideration make such order as may appear appropriate. Of course, the December 31 order or any further order that may be made in connection with the subject matter thereof will be open for review upon appeal from final judgment.

This leaves for consideration the appeals from the December 2 order appointing a temporary receiver. Section

2. The record before us discloses that the appellants here filed motions to vacate the December 31 order and that a hearing was had upon such motions, but that no order was entered ruling upon such motions apparently because of the fact that these appeals were taken before the court had an opportunity to enter its decision upon such motions. A record was made upon the hearing of the motions. We doubt whether such subsequent proceedings are a part of the record on these appeals. No appeal is pending before us on any proceedings transpiring subsequent to the entry of the order of December 31, 1959. In any event, we find nothing in the subsequent record which would affect our conclusion on the jurisdiction issue.

7403(d), Internal Revenue Code, 1954, clearly authorizes the appointment of a temporary receiver in actions to enforce tax liens under appropriate circumstances. Appellants' attack on the December 2 order is based solely upon jurisdictional grounds. No attempt is made to show any abuse of discretion on the part of the trial court in the appointment of the receiver.

The appellants made a good many motions of various kinds in the trial court, including a motion for summary judgment. All of said motions were denied by an interlocutory order entered December 2, 1959, the order specifically stating that it is without prejudice to the rights of the moving defendants to renew in their answers the contentions made in their motions. Such order is clearly an interlocutory order from which no appeal lies and no appeal has been specifically taken from such order.

■ For the purpose of determining the jurisdiction and the right of the trial court to appoint a temporary receiver, it is unnecessary and improper for us here to attempt to adjudicate many of the issues raised by the parties or to attempt to determine the amount of tax liability, or the question of whether each and all of the assessments made strictly comply with the applicable statutes. If the Government has made a prima facie case for some substantial tax liability on the part of the Floridas and their corporations, and has further established that liens were established for such liability, pursuant to applicable statutory procedure, the order appointing the temporary receiver cannot be successfully challenged.

Mertens, Law of Federal Income Taxation, Vol. 9, § 49.222, 1960 Cum.Supp. p. 41, citing supporting authorities, states:

"Though the precise limits of judicial discretion to appoint a re-

ceiver under Sections 7402(a) and 7403 of the 1954 Code are not defined, where the record shows that a substantial tax liability probably exists, and that the Government's collection of the tax may be jeopardized if a receiver is not appointed, the appointment will be made."

We will examine appellants' jurisdictional challenge only to the extent necessary to determine whether they go to the extent of completely barring the Government's cause of action. The appellants assert that the Government lost all right to prosecute this action by reason of its failure to intervene, as authorized by Section 7422(e), Internal Revenue Code, 1954, 26 U.S.C.A. § 7422(e) in suits for refund commenced by the taxpayers. The defendant taxpayers, prior to the assessment of the additional taxes involved in this litigation, had refund suits pending in United States District Courts in Arkansas and Tennessee covering some of the same tax years here under consideration. In brief, when tax deficiencies were claimed for years in which the taxpayer had no refund suit pending, he filed petition for redetermination of the deficiency with the tax court. Such petitions are still pending in the tax court. The Commissioner made jeopardy assessments as to the deficiency claims pending in the tax court.

■ With regard to deficiencies asserted for years for which taxpayers had refund suits pending in the district court, the taxpayers did not petition the tax court for redetermination of the deficiencies. In such cases, after the time for petitioning the tax court for redetermination had expired, the Commissioner at least in most instances made assessments for the deficiency under normal procedure, rather than under the statute authorizing jeopardy assessments. We find nothing in § 7422(e) [3]

3. § 7422(e). Stay of proceedings.—If the Secretary or his delegate prior to the hearing of a suit brought by a taxpayer in a district court or the Court of Claims for the recovery of any income tax, estate tax, or gift tax (or any penalty re-

which bars assessments of taxes in the manner they were here made. We find nothing in § 7422(e) which prohibits the Commissioner from assessing for tax deficiencies in the normal way. Section 7422(e) is a new provision first appearing in the 1954 Code. The statute provides that where a refund suit for a tax year is pending in the district court, the Government may intervene and assert a deficiency. There is nothing in the statute to indicate that Congress intended that such should be the Government's exclusive remedy. This statute was discussed in Flora v. United States, 362 U.S. 145, at page 166, 80 S.Ct. 630, at page 641, 4 L.Ed.2d 623, the court stating:

> "Section 7422(e) of the 1954 Internal Revenue Code makes it apparent that Congress has assumed these problems are nonexistent except in the rare case where the taxpayer brings suit in a District Court and the Commissioner then notifies him of an additional deficiency. Under § 7422(e) such a claimant is given the option of pursuing his suit in the District Court or in the Tax Court, *but he cannot litigate in both*. Moreover, if he decides to remain in the District Court, the Government may—but seemingly is not required to—bring a counterclaim; and if it

does, the taxpayer has the burden of proof."

Section 7403, upon which the Government bases the present action, is a broad statute designed to secure the collection of taxes with maximum protection and fairness to the taxpayers, any lien holders, and the Government.

Section 7403(c) provides:

> "The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States."

Here many refund actions are pending pertaining to the taxes paid by the Floridas. The tax liens here asserted extend to all of the taxpayers' property. Much time of the court and litigants can be saved by consolidating all tax claims and lien priority actions in a single action. We feel certain that Congress, by enacting § 7422(e) did not intend to make

---

lating to such taxes) mails to the taxpayer a notice that a deficiency has been determined in respect of the tax which is the subject matter of taxpayer's suit, the proceedings in taxpayer's suit shall be stayed during the period of time in which the taxpayer may file a petition with the Tax Court for a redetermination of the asserted deficiency, and for 60 days thereafter. If the taxpayer files a petition with the Tax Court, the district court or the Court of Claims, as the case may be, shall lose jurisdiction of taxpayer's suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer's suit for refund. If the taxpayer does not file a petition with the Tax Court for a redetermination of the asserted deficiency, the United States may counterclaim in the taxpayer's suit, or intervene in the

event of a suit as described in subsection (c) (relating to suits against officers or employees of the United States), within the period of the stay of proceedings notwithstanding that the time for such pleading may have otherwise expired. The taxpayer shall have the burden of proof with respect to the issues raised by such counterclaim or intervention of the United States except as to the issue of whether the taxpayer has been guilty of fraud with intent to evade tax. This subsection shall not apply to a suit by a taxpayer which, prior to the date of enactment of this title, is commenced, instituted, or pending in a district court or the Court of Claims for the recovery of any income tax, estate tax, or gift tax (or any penalty relating to such taxes).

intervention in refund suits the Government's exclusive remedy for collection of taxes under the circumstances presented by this case. Section 7422(e) does not either expressly or by implication take away from the Government the rights conferred upon it by § 7403.

■ The Government did, after the lapse of 150 days, seek to intervene in the tax refund suits. In an order entered December 10, 1959, in the refund suits pending in Arkansas, the court in denying intervention, states:

"The motions were not filed within the time prescribed by said Section 7422(e), and it appears that the claims which the Government desires to assert by means of its proposed interventions are included in the claims which now form the subject matter of that certain action now pending in the Jonesboro Division of this Court entitled United States of America, Plaintiff v. Andrew J. Florida et al, Defendants, Civil Action No. J-1141.

"It is, therefore, by the Court Considered, Ordered, and Adjudged that the motions of the Government for leave to intervene in these cases be, and the same hereby are, denied."

Appellants contend that the foregoing order constitutes an adjudication on the merits of the Government's claim and that this action is precluded by operation of the doctrine of res judicata. This order was entered by the same judge who eight days before had made the order appointing a temporary receiver in the present case. It is clear from the wording of the court's order above set out that he was not passing upon the merits of the Government's claim for taxes.

Appellants make the further contention that the District Court acquired prior jurisdiction over the tax controversies involving the years covered by the refund suits, and that the tax court acquired prior jurisdiction over tax liability for periods covered by petitions for redetermination in said court, and thus the court lacked jurisdiction of the subject matter of the present suit.

■ It is important here to observe that all litigation is pending in federal courts and no problem of conflict between state and federal courts is presented. Here the conflict is between federal courts alone. Courts are not required by law to forbear but may do so as a matter of comity and to avoid duplicate litigation. Kline v. Burke Constr. Co., 260 U.S. 226, 229, 43 S.Ct. 79, 67 L.Ed. 226; Covell v. Heyman, 111 U.S. 176, 182, 4 S.Ct. 355, 28 L.Ed. 390. There is no rigid or inflexible rule for determining priority of cases pending in federal courts involving the same subject matter. "Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems." Kerotest Mfg. Co. v. C-O-Two Co., 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200.

■ We are satisfied that the court acquired jurisdiction over the subject matter of this action. The question of whether tax liabilities involved in the litigation pending in the tax court should first be determined in the tax court or whether such liability should be determined in this case, remains open for consideration by the trial court.

Other issues raised in the briefs have been considered. Such issues have no controlling effect on the court's jurisdiction to appoint a receiver and hence are not properly before us on these appeals.

The order of December 2, 1959, appointing a temporary receiver over certain property is affirmed. The appeal from the order of December 31, 1959, is dismissed for lack of jurisdiction.