**LEBANON WOOLEN MILLS, INC.,**
**et al., Defendants, Appellants,**

v.

**UNITED STATES of America,**
**Plaintiff, Appellee.**

**No. 6036.**

United States Court of Appeals
First Circuit.

Dec. 31, 1962.

Myron Engelman, New York City, with whom David E. Tardif, Concord, N. H., and Hart, Hume & Engelman, New York City, were on brief, for appellants.

Homer R. Miller, Atty., Dept. of Justice, with whom Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner, David I. Granger and William H. Craig, Jr., U. S. Attys., were on brief, for appellee.

Robert H. Reno, Ronald L. Snow, Concord, N. H., Orr & Reno, Concord, N. H., of counsel, for receiver.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of New Hampshire denying a motion which sought payment of attorneys' fees and other expenses by attorneys for two corporations which were in receivership and for their sole stockholder—which fees were sought to be paid as administration expenses out of the assets in receivership.

The present action involves four corporations whose intertwined history may be briefly stated. Lebanon Woolen Mills Corporation and Lebandale Mills, Inc., New Hampshire corporations, were operating textile mills, located in Lebanon, New Hampshire. All of the stock of these companies was owned by Bernard Goldfine until November 18, 1958. Sometime before this date Solomon Goldfine, a son of Bernard, organized two Massachusetts corporations under the names of Lebanon Woolen Mills, Inc. and Lebandale Woolen Mills, Inc. On or about November 18, 1958 Bernard Goldfine caused substantially all of the assets of the New Hampshire corporations to be transferred and conveyed to the newly formed Massachusetts corporations for an asserted consideration of $575,000. Only $75,000 was paid at the time of the transfer and the balance of $500,000 was secured by a mortgage. All of the stock of the Massachusetts corporations is owned by Solomon Goldfine.

On January 24, 1962 the Commissioner of Internal Revenue made assessments for substantial amounts of unpaid federal taxes against the New Hampshire corporations. Two days later, on January 26th, the District Director of Internal Revenue made notice and demand upon the New Hampshire corporations and upon the Massachusetts corporations, as transferees, for the payment of the taxes which were due. These notices and demands were refused and the District Director then filed notices of liens for the taxes.

On January 26, 1962 the United States also initiated an action in the United States District Court for the District of New Hampshire for the foreclosure of liens, temporary restraining order, preliminary injunction, collection of taxes and appointment of a receiver, naming as defendants the New Hampshire corporations, the Massachusetts corporations, Bernard Goldfine, Solomon Goldfine and others. On that same date a temporary restraining order was entered enjoining all defendants from, among other things,

disposing of their assets pending a hearing on the appointment of a receiver.

In the complaint filed in the district court, the government took the position, inter alia, that the transfer of assets from the New Hampshire corporations to the Massachusetts corporations was in fraud of creditors (including the United States) and that the subject assets should either be regarded as still belonging to the transferors, or that the Massachusetts corporations should be liable for the taxes, as transferees, to the extent of the value of the assets transferred.

Following a hearing on February 14, 1962 the district court appointed a receiver under Section 7403(d) of the Internal Revenue Code of 1954 for Lebanon Woolen Mills, Inc. and for Lebandale Woolen Mills, Inc., (the Massachusetts corporations), and the receiver has been acting in that capacity continuously since that time.

The Massachusetts corporations and Solomon Goldfine answered the government's complaint denying all substantial allegations and moved for dismissal on the ground that the United States had failed to state a claim on which relief could be granted.[1]

On April 11, 1962 the Massachusetts corporations and Solomon Goldfine (appellants here), through their attorneys, filed a motion in the district court requesting that the receiver be authorized to pay counsel fees and other expenses of defending the action brought by the United States and that such payments be paid as administration expenses out of the assets in receivership. Following a hearing this motion was denied.

Appellants contend that, outside the assets held by the receiver, they have no funds available to defend the action of the United States. They argue that unless the district court allows the payment of fees as administration expenses out of the assets now under the control of the receiver, they will be compelled to submit to the loss of their property by default. In appellants' words, "The Constitutional safeguards of the Fifth Amendment should therefore be applied to prevent the seizure of the transferees' property by default at the hands of the tax collector. Such must be the inevitable result unless the assets of the transferees possessed by the Receiver may be used for the purpose of obtaining the services of competent counsel to defend the lawsuit."

We do not believe that it is necessary for us to consider appellants' asserted constitutional objections to the action of the district judge nor to consider whether, under any circumstances, a district court might properly entertain a motion such as that filed by appellants. Rather, as we view the record, there is a distinct absence of probative evidence showing Solomon Goldfine's property or his inability to obtain funds to defend the government's action. Fauci v. Hannon, 283 F.2d 114 (1st Cir., 1960) (per curiam).

Solomon Goldfine filed no statement of his financial condition nor did he personally execute an affidavit on this question. After the government opposed the appellants' motion, counsel for the appellants executed an affidavit which contains the statement that "Mr. Goldfine has repeatedly advised me that he was and is without assets with which to compensate counsel in this action." This hearsay statement is all that appears in the record concerning the financial condition of Solomon Goldfine and this, in our view, is an insufficient predicate to establish grounds for the relief which appellants seek here. Cf., Frost v. Bankers Commercial Corp., 11 F.R.D. 195 (D.C. S.D.N.Y.1951).

There is another reason why, on this record, we cannot accept appellants' contention that the subject property will go to the government by default if funds under the control of the receiver are not released to appellants to defend the action.

The record indicates that the appellant-corporations owe an amount in ex-

---

1. The New Hampshire corporations and Bernard Goldfine filed similar motions.

cess of one million dollars to creditors, both secured and unsecured. All of these creditors are, of course, beneficially interested in the instant litigation and would come ahead of Solomon Goldfine in any determination as to who is ultimately entitled to the corporations' assets. Cf., Hartman Corporation of America v. United States, 304 F.2d 429 (8th Cir., 1962). There is no showing that these creditors are without funds. Indeed, we were informed at oral argument that all of the creditors have counsel, and this is undisputed by appellants.

For the above reasons, we believe that the order of the district judge should be affirmed.

Judgment will be entered affirming the order of the district court.