## In re NISSAN MOTOR CORPORATION ANTITRUST LITIGATION.*

### M.D.L. No. 120.

United States District Court,
S. D. Florida.

April 20, 1979.

---

* This document relates to: Lewis (75–2080–Civ–CA); Horwitz (75–2202–Civ–CA); Clough (75–1974–Civ–CA); Lewis (75–1998–Civ–CA); Plumley (75–2145–Civ–CA); Horwitz (75–2146–Civ–CA).

except as it has direct bearing on this decision.[1] These cases are among a number of class actions filed by purchasers of Datsun cars against Nissan-Japan and Nissan-U. S.A. back in 1972, and transferred to this Court pursuant to 28 U.S.C. § 1407 for consolidated pretrial proceedings. Judgment on a jury verdict has already been entered by this Court in one case, and affirmed by the Fifth Circuit, *P.D.Q., Inc. of Miami v. Nissan Motor Corporation*, 577 F.2d 910 (5th Cir. 1978), *cert. denied*, 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979). The remainder of the cases are still before the Court for pretrial proceedings.

Pursuant to the Pretrial Order of February 7, 1979, as amended, plaintiffs in the six above-captioned lawsuits have filed a motion seeking to dismiss without prejudice, the *Clough, Lewis-Nebraska, Plumley* and *Horwitz-Ohio* cases,[2] and to redefine and expand the classes in the *Lewis-New Jersey* and the *Horwitz-New Jersey* cases.[3] Defendants, in turn, oppose this motion, and move to dismiss the *Horwitz-New Jersey* case and in part the overlapping portions of the *Lewis-New Jersey* case. Nissan Motors also moves to dismiss named class plaintiffs DiMartino and Greenlee as representatives in the *Lewis-New Jersey* action for being inadequate representatives of classes of which they are not proper members.

Howard A. Specter, Michael D. Buchwach, Litman Litman Harris and Specter, P. A., Pittsburgh, Pa., for plaintiffs.

Jeffrey S. Davidson, Frank Cicero, Jr., Kirkland & Ellis, Chicago, Ill., for defendants Nissan Motors.

## MEMORANDUM OPINION AND ORDER

### ATKINS, Chief Judge.

The history of this litigation is well documented and will not be recapitulated here

### I.

### DISMISSAL OF OVERLAPPING CASES

■ Defendants' opposition to dismissal of the four cases is based on the "well established rule" that it is the subsequently filed case, not the earlier filed case, that should be dismissed when identical causes are being litigated in more than one forum. This Court recognizes that such a rule may at times be preferable "because it is sometimes more important that there be a rule

1. See *P.D.Q., Inc. of Miami v. Nissan Motor Corporation*, 577 F.2d 910 (5th Cir. 1978); *In re Nissan Motor Corp. Antitrust Litigation*, 385 F.Supp. 1253 (Jud.Pan.Mult.Lit.1974); *In re Nissan Motor Corp. Antitrust Litigation*, 352 F.Supp. 960 (Jud.Pan.Mult.Lit.1973).

2. Clough 75–1974–Civ–CA;
 Lewis 75–1998–Civ–CA;
 Plumley 75–2145–Civ–CA;
 Horwitz 75–2146–Civ–CA.

3. Lewis 75–2080–Civ–CA;
 Horwitz 75–2202–Civ–CA.

than that rule be particularly sound." *Codex Corp. v. Milgo Electronic Corporation,* 553 F.2d 735, 737 (1st Cir. 1977). Both sides agree it would be improper for plaintiffs to prosecute identical lawsuits in separate forums. Sitting as a § 1407 transferee judge, this Court has a particular interest in the effective and expeditious conclusion of these various cases.

In general, courts are not required to forbear when confronted with duplicative litigation, but do so as a matter of comity and to avoid a waste of judicial resources. *Kline v. Burke Constr. Co.,* 260 U.S. 226, 229, 43 S.Ct. 79, 67 L.Ed. 226 (1922); *Covell v. Hegman,* 111 U.S. 176, 182, 4 S.Ct. 355, 28 L.Ed. 390 (1883); *Florida v. United States,* 285 F.2d 596, 604 (8th Cir. 1960). As the court in *Florida* stated:

> "There is no rigid or inflexible rule for determining priority of cases pending in federal courts involving the same subject matter. 'Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems.' *Kerotest Mfg. Co. v. C–O–Two Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200."

In light of these considerations, this Court finds judicial economy would be greatly enhanced by dismissing the four actions as urged by the plaintiffs. None of the defendants' allegations present sufficient reason to deny the motion. The representations made by defendants involving the conveniences of trying the cases in their "home" forums does not evince any real prejudice and are significantly outweighed by judicial economy considerations of proceeding with only two cases, *Lewis-New Jersey* and *Horwitz-New Jersey.*

In addition, there are other factors that weigh in favor of granting the plaintiffs' motion. A letter from former counsel with Kirkland & Ellis on behalf of defendants to counsel for the plaintiffs indicates an acquiescence to the dismissal of the cases. Nor do the acts of the parties undercut this interpretation as indicated by the refusal of the defendants to reply to three earlier filed actions,[4] as well as the certification of classes in the later filed cases as opposed to the earlier ones.

Defendants also argue that the long delay in action by the plaintiffs should not allow them to rely on any express or implied promise or agreement with a counsel no longer with Kirkland & Ellis. Plaintiffs' explanation of the delay due to the pendency of the *P.D.Q.* litigation just recently concluded, hardly justifies this inaction on plaintiffs' part. On the other hand, it is irrelevant to the issue that the attorney who made the representation has left the employ of defendants' counsel. In any event, none of these considerations outweigh the obvious need of "[w]ise judicial administration" and the elimination of repetitious and needless litigation on the dockets of federal courts.

## II.

### CLASS DEFINITIONS

■ Plaintiffs also move this Court to redefine the starting and ending dates of the classes already certified.[5] They propose class starting dates of June 30, 1968, for all statewide classes and ending dates of February 26, 1973, for all but the Rhode Island and Wyoming classes, which they submit should be expanded to March 13, 1973, and April 10, 1973, respectively. Defendants oppose this redefinition on several grounds. Among the factors listed by the defendants are plaintiffs' inordinate and unexplained delay in making the motion, the completion of a comprehensive pretrial stipulation tailored to the scope of the approved class, and extensive three-year trial preparation which the defendants maintain will be severely altered by a change at this late date. Defendants contend not only that the motion should be denied, but move this Court to

---

4. Lewis 75–1998–Civ–CA;
 Horwitz 75–2146–Civ–CA;
 Plumley 75–2145–Civ–CA.

5. Order of December 4, 1975, which applied a formula set forth in this Court's Order of August 26, 1975.

dismiss named plaintiffs DiMartino and Greenlee from the *Lewis-New Jersey* case, where they currently represent the Rhode Island and Wyoming classes.

Defendants' argument is well taken. No theory or principle advanced by the plaintiffs supports the proposition that the scope of the certified classes should be reconsidered at this time.[6] With three years of extensive trial preparation by the parties already undertaken, and the cases virtual readiness for remand to their respective transferor judges, the plaintiffs have failed to carry their heavy burden of persuading this Court to reconsider the established starting and ending dates of the certified classes.

Defendants' motion to dismiss plaintiffs DiMartino and Greenlee must be granted. As the defendants point out, as purchasers of automobiles beyond the ending date established by this Court for the classes, they are not members of those certified classes, and therefore inadequate representatives under Rule 23(a)(4).[7] *Bailey v. Patterson*, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); *Satterwhite v. City of Greenville, Texas*, 557 F.2d 414, 423 (5th Cir. 1977); *Long v. Sapp*, 502 F.2d 34 (5th Cir. 1974); *Weinberger v. Retail Credit Co.*, 498 F.2d 552 (4th Cir. 1974). Therefore, they are ordered dismissed from the actions. The actions themselves may continue, since a case or controversy still exists between the certified class and the defendants, under *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) and *Board of School Commr's v. Jacobs*, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1970). *See Booth v. Prince George's County, Maryland*, 66 F.R.D. 466, 476 (D.Md.1977). The classes will be dismissed for infirmity under Rule 23(a)(4) unless within thirty days another member of the class is granted leave to intervene. *Norman v. Connecticut State Board of Parole*, 458 F.2d 497 (2d Cir. 1972); *cf. Indiana Employment Division v. Burney*, 409 U.S. 540, 93 S.Ct. 883, 35 L.Ed.2d 62 (1973).

---

**6.** Plaintiffs' argument involving the statute of limitations is irrelevant for the purposes of determining proper class definition.

**7.** Plaintiffs incorrectly argue that this Court's Order denying defendants' motion to decertify, filed June 1, 1976, dealt with the question of DiMartino, Greenlee and their respective classes. At page 2 of the motion, filed February 13, 1976, the defendants stated "if the motion to decertify all classes prevails, the Nissan defendants will not need to challenge the classes in individual cases and therefore a full discussion of these matters has been deferred at this time." This statement obviously included the discussion in the preceding paragraph concerning these named plaintiffs. The Order on Decertification dealt only with the separation of liability and damages.