UNITED STATES of America, Appellant,

v.

JOE GRAHAM POST NO. 119, AMERI-CAN LEGION, Appellee.

No. 21431.

United States Court of Appeals Fifth Circuit.

Jan. 25, 1965.

Rehearing Denied March 12, 1965.

John B. Jones, Jr., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Dept. of Justice, Washington, D. C., Robert E. Hauberg, U. S. Atty., Jackson, Miss., David O. Walter, Karl Schmeidler, Meyer Rothwacks, Dept. of Justice, Washington, D. C., (E. R. Holmes, Jr., Asst. U. S. Atty., of counsel), for appellant.

William E. Logan, Stanford E. Morse, Jr., Gulfport, Miss., for appellee.

Before TUTTLE, Chief Judge, and JONES and ANDERSON,* Circuit Judges.

ANDERSON, Circuit Judge:

In 1946 the appellee taxpayer was advised, through a group ruling by the acting Deputy Commissioner of Internal Revenue, that it was granted an exemption from Federal Income Tax. On September 13, 1961, howeyer, the Commissioner directly notified the taxpayer that its exempt status had been revoked because it had allegedly engaged in the movie theatre and cafeteria business with the general public. On March 15, 1962 the taxpayer filed an untimely corporate income tax return for the *fiscal* year ending June 30, 1961 and, at the same time, paid in full the tax, penalty and interest as reflected in the return in the total amount of $1290.48. On April 2, 1962 the taxpayer filed a timely claim for a refund of the amount paid. As no action was taken with respect to

* Of the Second Circuit, sitting by designation.

it by the Commissioner for more than six months, and as the taxpayer had fulfilled the conditions of § 7422(a) of the Internal Revenue Code of 1954, it brought the present action for refund on November 26, 1962 in the United States District Court.

Following the loss of the taxpayer's exempt status in 1961, the Commissioner on June 28, 1963 asserted deficiencies in the taxpayer's income tax for the *calendar* years 1944 through December 31, 1960 for the total amount of $118,-265.66. The taxpayer on August 1, 1963 filed a petition with the Tax Court contesting the deficiency assessed for each of these years, including the *calendar* year January 1, 1960 through December 31, 1960; and specifically assigned as error on the part of the Commissioner the computation and determination of the "tax and penalties against petitioner on the calendar year basis." The Government then filed a motion in the refund action in the District Court to dismiss the complaint on the ground that the court had lost jurisdiction under the provisions of § 7422(e) of the 1954 Code.[1] The District Court denied the motion to dismiss and, on certification by the trial judge, the Government has brought this appeal.

The question before this court is whether or not a taxpayer who, under § 7422(e), exercises his option to contest in the Tax Court an alleged deficiency, assessed on the basis of the calendar year January 1, 1960 through December 31, 1960, loses his right to prosecute in the United States District Court an already pending tax refund claim for the *fiscal* year July 1, 1960 through June 30, 1961, which for a six months period overlaps the *calendar* tax year in issue before the Tax Court.

■ Central to the resolution of this issue is the matter of the correct accounting period. If the Government is correct and the calendar year basis is the proper one, then under the governing statute, § 7422(e), the taxpayer by his petition to the Tax Court has elected to have that tribunal pass upon all issues relating to the assessment of a deficiency for the calendar year 1960, and the District Court has lost its jurisdiction over the refund case, because the 1961 fiscal year is not the correct accounting period and, in effect, the taxpayer would have paid a tax only on the income for one-half of the calendar year 1960. As income tax liability is for an entire year of income transactions, Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S. Ct. 150, 75 L.Ed. 383 (1931), the taxpayer cannot maintain a refund suit in the District Court when less than the tax for the entire income period has been paid. Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960).

If, on the other hand, the taxpayer is correct and it is properly on a fiscal year accounting basis, then the District Court retains jurisdiction of the refund case for the fiscal year July 1, 1960 through June 30, 1961.

We conclude that in this case the determination of the correct accounting period is a matter for decision by the Tax Court because the taxpayer elected to place the issue before that tribunal.

■ The provisions of § 7422(e) are designed to give the taxpayer an option,

1. The pertinent portions of § 7422(e) read as follows:

"(e) Stay of proceedings.—If the Secretary or his delegate prior to the hearing of a suit brought by a taxpayer in a district court or the Court of Claims for the recovery of any income tax, estate tax, or gift tax (or any penalty relating to such taxes) mails to the taxpayer a notice that a deficiency has been determined in respect of the tax which is the subject matter of taxpayer's suit, the proceedings in taxpayer's suit shall be stayed during the period of time in which the taxpayer may file a petition with the Tax Court for a redetermination of the asserted deficiency, and for 60 days thereafter. If the taxpayer files a petition with the Tax Court, the district court or the Court of Claims, as the case may be, shall lose jurisdiction of taxpayer's suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer's suit for refund. * * *"

once he has received a ninety day deficiency notice from the Commissioner, to petition the Tax Court for a redetermination of the asserted deficiency or to refrain from filing such a petition and, having paid the alleged deficiency in full, proceed in the District Court on its suit for refund. He cannot do both because § 7422(e) says that if the taxpayer files a petition with the Tax Court, the District Court "shall lose jurisdiction of taxpayer's suit to whatever extent jurisdiction is acquired by the the Tax Court of the subject matter of taxpayer's suit for refund." [2]

■ While the language of the statute is more precisely adapted to a fact situation in which "the subject matter of taxpayer's suit" and the subject matter which, on petition by the taxpayer after reassessment of the deficiency, comes under the jurisdiction of the Tax Court, concern exactly the same tax year or years, nevertheless, the intention and purpose of § 7422(e) are clear; the taxpayer is to have a choice of tribunals to try all or a part of the issues which are within the subject matter of the refund suit; but both the District Court and the Tax Court cannot at the same time have jurisdiction over the same issues presented by that subject matter. As a result of the taxpayer's petition to the Tax Court the District Court lost jurisdiction to determine the threshold issue of whether or not the taxpayer properly used a fiscal year basis for its tax return for the year July 1, 1960 through June 30, 1961. But the District Court has not necessarily lost all jurisdiction. It is only this threshold issue as to the correct accounting period which was a part of the subject matter of the refund suit in the District Court which also became a part of the subject matter of the proceedings before the Tax Court. If the Tax Court decides that the taxpayer was correct in using a *fiscal* year, accounting period for the tax year beginning July 1, 1960, then the Tax Court itself has no jurisdiction over alleged errors in any deficiency for that period because the taxpayer qualified for the refund suit in the District Court within the provisions of § 7422(a), and the entire subject matter relative to any deficiency on a fical year basis remained there except for the threshold question, as above mentioned.

The case must therefore be remanded to the District Court to await a determination by the Tax Court, and any court reviewing its decision, of the issue of the correct accounting period. Had the taxpayer limited its petition to the Tax Court under § 7422(e) to the calendar years beginning January 1, 1944 and ending December 31, 1959, it could have continued to prosecute its refund action in the District Court, and that court would then have had jurisdiction to pass upon the question whether or not the fiscal year was the correct taxing period, as the Government would presumably have raised the issue by appropriate motion or by amended answer. As that issue is now before the Tax Court, this case is remanded to the District Court with direction to stay further proceedings until the issue of the correct

2. The Senate Report, made in connection with the enactment of the 1954 Code, said of § 7422(e):
"The result under subsection (e) is to give jurisdiction over the cause of action to only 1 court (2 courts may acquire jurisdiction under existing law), and to give the taxpayer the choice of which court shall have jurisdiction. The taxpayer, by filing a petition in the Tax Court, would cause that court to have sole jurisdiction, or, by failing to file a petition in the Tax Court, would cause the district court or the Court of Claims to have sole jurisdiction.

"Subsection (e) does not apply if the case in the district court or Court of Claims has already proceeded to a hearing, that is, to actual trial. On the other hand, it will apply to prevent suit in the district court or Court of Claims after the receipt of a notice of deficiency in any case where the taxpayer appeals from that notice to the Tax Court." U.S.Code Cong. & Adm.News, 83rd Congress, Second Session 1954, Vol. 3 at p. 5261.

478

accounting period has been finally adjudicated. If the decision is that the proper period is the fiscal year, the court will go forward with the trial; if the calendar year, the action must be dismissed for lack of jurisdiction.