385 F.Supp. 367 (1974)
The PFEIFFER COMPANY, a corporation, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. 73-C-738 (2).
United States District Court, E. D. Missouri, E. D.
August 27, 1974.
*368 Henry C. Lowenhaupt, St. Louis, Mo., for plaintiff.
Donald J. Stohr, U. S. Atty., Eastern District of Missouri, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
REGAN, District Judge.
In this action for refund of income taxes allegedly overpaid for the year 1970 both parties have moved for summary judgment. Involved is the application and construction of Section 7422 (e), 26 U.S.C.
The relatively few facts are not in dispute. Plaintiff timely filed its corporate income tax return for the calendar year 1970, reporting (and paying) an accumulated earnings tax in the sum of $19,000. Thereafter a claim for refund of this tax was filed with the Internal Revenue Service (IRS) and subsequently, on July 11, 1972, after the expiration of six months, plaintiff filed an action to recover the accumulated earnings tax it had voluntarily reported and paid.
The IRS having been notified by the Tax Division of the Department of Justice of the pending action commenced an audit of plaintiff's 1970 corporate tax return, following which, on August 31, 1972, the Commissioner of Internal Revenue issued a statutory 90-day letter advising plaintiff of his determination to assess an earnings tax penalty in the additional amount of $44,877.39. On September 8, 1972, the United States filed its answer to the plaintiff's complaint in the 1972 action including therein a notice of the Government's "potential" counterclaim for the unpaid additional accumulated earnings tax penalty as set forth in the 90-day notice of deficiency. On motion of defendant, the Court granted a stay of proceedings pursuant to Section 7422(e) to January 29, 1973. However, plaintiff having failed during the prescribed 90-day period to petition the Tax Court for a redetermination of the tax deficiency, the Commissioner assessed the deficiency on January 15, 1973, gave plaintiff notice of the assessment and made demand for payment. Ten days later the plaintiff paid the additional accumulated earnings tax deficiency under protest. Thereafter, on January 31, 1973, plaintiff was granted leave to amend its complaint by adding a second count for recovery of the amount it had paid by reason of the deficiency assessment. On motion of defendant, the Court dismissed the second count for the reason that inasmuch as no claim had been filed for refund of the amount involved therein, the Court was without jurisdiction over the claim asserted in the second count. Subsequently, pursuant to stipulation of the parties, the action was dismissed with prejudice.
The issue involved in the present suit is the narrow one of whether the deficiency assessment was unauthorized and void as contended by plaintiff, its theory being that because of the pendency of the 1972 refund suit the only method available to the Government to assert its lien for the additional 1970 taxes was by counterclaim in the then pending action.
Section 7422(e), to the extent here relevant, provides that if the Secretary or his delegate prior to the trial of a suit brought by a taxpayer in the district court for recovery of any income tax mails a notice to a taxpayer that a deficiency has been determined in respect of the claim which is the subject matter of the taxpayer's suit, the proceedings in the taxpayer's suit shall be stayed during the period of time in which the taxpayer may file a petition *369 with the Tax Court for a redetermination of the asserted deficiency and for 60 days thereafter. If the taxpayer files a petition with the Tax Court, the district court loses jurisdiction of the taxpayer's suit, but if the taxpayer does not file a petition with the Tax Court for a redetermination of the asserted deficiency, "the United States may counterclaim in the taxpayer's suit * * * within the period of the stay of proceedings notwithstanding that the time for such pleading may have otherwise expired."
Applying this statute to the admitted facts, it appears that prior to the hearing of the 1972 action brought by plaintiff for the recovery of the alleged overpayment of its 1970 income tax, there was mailed to the taxpayer the required 90-day notice of the proposed deficiency assessment and that by reason thereof proceedings in the suit were stayed for the 90-day period plus an additional 60-day period or until January 29, 1973. No petition for redetermination of the asserted deficiency having been filed with the Tax Court within the 90-day period allowed, the Commissioner assessed the amount of the proposed deficiency.
The United States had the right, until January 29, 1973, to counterclaim in the action. However, no counterclaim was filed "within the period of the stay of proceedings," for the rather obvious reason that inasmuch as plaintiff had already paid the full amount of the assessment, a counterclaim would have been an exercise in futility. Nevertheless, plaintiff argues that the provisions of Section 7422(e), properly construed, forbid the assessment of a deficiency during the pre-trial pendency of a suit for refund, and mandate collection only by means of a counterclaim, and on that premise contends that the January 15, 1973 assessment was wholly void, thereby entitling plaintiff to summary judgment for the amount it had paid under protest. We do not agree.
Section 6213(c), 26 U.S.C., provides that if the taxpayer does not file a petition with the Tax Court within the prescribed 90-day period, "the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the Secretary or his delegate." Thus, assessment followed by notice and demand (See Section 6303, 26 U.S.C.) is expressly required, with no exception as to pending lawsuits.
There is no language in Section 7422 (e) which either in terms or by necessary implication denies the Commissioner the authority to make an assessment during the pendency of an action in the district court. Expressly recognized is his authority to give the 90-day notice of deficiency. And inasmuch as no assessment may lawfully be made unless such notice has been given, it is reasonably to be inferred that Congress did not intend to remove from the Commissioner the power to proceed to make the assessment if no petition for redetermination was filed with the Tax Court.
Bar L Ranch, Inc. v. Phinney, 5 Cir., 400 F.2d 90, is directly in point on the issue of the validity of the assessment. In that case the court ruled this issue as follows:
"The question presented by this appeal is whether a deficiency assessment, made while a suit for refund of a late filing penalty is pending in the district court and after the expiration of the ninety-day period in which a petition for re-determination could have been filed in the Tax Court, is valid. We hold that the assessment is valid and affirm the district court."
As the Court there pointed out, what Congress was seeking to avoid by the enactment of Section 7422(e) was "concurrent jurisdiction in the two courts over the same disputed taxable year," there being no evidence of a Congressional purpose to provide for a stay in the assessment of a tax except during the period in which a petition for redetermination of a proposed deficiency *370 may be filed in the Tax Court.[1] So, too, in United States v. Joe Graham Post No. 119, American Legion, 5 Cir., 340 F.2d 474, the Court held that the provisions of Section 7422(e) were intended to give the taxpayer an option to litigate his tax liability in either the Tax Court or the district court in the event a notice of deficiency is sent during the pendency of the action in the district court.
Plaintiff chose not to exercise its option to litigate in the Tax Court, but decided to remain in the district court. But the mere fact that plaintiff made such a choice does not suffice to preclude the Commissioner from exercising his authority to make the assessment of the deficiency under the provisions of the Internal Revenue Code.
In Florida v. United States, 8 Cir., 285 F.2d 596, the Court stated that it found nothing in Section 7422(e) which bars assessments of taxes after the time for filing a petition in the Tax Court has expired although suits for refund are then pending in the district court. As the Court stated, although the statute provides that where a refund suit for a tax year is pending in the district court, the Government may intervene and assert a deficiency, "(t)here is nothing in the statute to indicate that Congress intended that such should be the Government's exclusive remedy." The Court cited Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623, in which the Supreme Court by way of dictum stated that if the taxpayer decides to remain in the district court, "the Government may  but seemingly is not required to  bring a counterclaim."
It is, of course, true that the Florida case pertains to a situation in which suit was brought against the Collector and not against the Government as such, so that intervention would be necessary before a counterclaim could be asserted. However, without regard to whether the claim would have to be asserted by way of intervention or by counterclaim in a direct action against the Government itself, the basic question  that is, the authority of the Commissioner to make the assessment  would be no different in either case.
Plaintiff urges that the Government's claim for additional taxes was a compulsory counterclaim within the purview of Rule 13(a), F.R.C.P. As applied to the situation during the period in which the taxpayer may petition the Tax Court for a redetermination of the deficiency, Crocker v. United States, D.C. Miss., 323 F.Supp. 718, 723-724, demonstrates the inherent error in the contention as follows,
"The fallacy with this reasoning is Defendant's claim does not ripen into an enforceable claim until the assessment is made. The Director must take certain procedural steps before an assessment of delinquent taxes can be made. The initial step is the issuance of a notice of deficiency, which Defendant has done in this case. After the issuance of the notice Taxpayer is afforded a period of ninety days thereafter within which to file a petition with the Tax Court for a redetermination of the deficiency. If the Taxpayer elects to file a petition with the Tax Court an assessment cannot be made until the decision of the Tax Court has become final. If the Taxpayer does not elect to file a petition with the Tax Court, the assessment cannot be made until the aforesaid period of ninety days has expired. Restrictions applicable to deficiencies are contained in 26 U.S.C.A. § 6213. It is, therefore, apparent that, [during the 90 day period], Defendant does not have *371 a claim against the Taxpayers which can be the subject of a counterclaim, compulsory or permissive."
We do not, however, agree with the further holding in Crocker (323 F.Supp., 727) that once the assessment is made the claim thereupon becomes the subject of a compulsory counterclaim. Rule 13 (a) by its terms applies only to a claim which the pleader has at the time of serving his pleading. The answer in this case was served on September 8, 1972 long prior to the expiration of the 90 day period. An enforceable claim for the deficiency did not then exist. No doubt for that reason the pleading merely gave "notice" of the Government's "potential" counterclaim. Once the 90 day period elapsed without a petition having been filed in the Tax Court and the tax was assessed, the Government then had the right to counterclaim in the taxpayer's suit providing it did so before the stay period had expired. But for the explicit provisions of Section 7422(e), the claim, having matured after the answer was served, could not have been presented as a counterclaim without the permission of the court.
Section 7422(e) is worded in the permissive as opposed to mandatory, and in our judgment the choice of words was made advisedly. When Congress intends the mandatory (certainly in the tax laws), it does not hesitate to use the word "shall." See, e. g. Section 6212(c). The use of the permissive word "may" in subsection (e) was intended to have the same meaning as the use of that word in subsection (a) of Section 7422. It also occurs to us that if a counterclaim in this situation was intended to be mandatory, Congress would have spelled out the effect of the Government's failure to counterclaim "within the period of the stay of proceedings."
In addition, the payment of the assessment "within the period of the stay of proceedings" made it impossible for the Government to counterclaim even permissively, much less mandatorily, within the remaining period of the stay. Hence, the deficiency assessment being authorized and valid, the failure of the Government to counterclaim in the 1972 district court action does not entitle plaintiff to summary judgment for the amount paid.
We next consider the effect of the dismissal with prejudice of the 1972 suit. It is, of course, true that "(e)ach year is the origin of a new [tax] liability and of a separate cause of action," so that "if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year." Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 598, 68 S.Ct. 715, 719, 92 L.Ed. 898.
A dismissal with prejudice operates as an adjudication on the merits, barring a later suit on the same cause of action. The cause of action litigated in the 1972 suit was plaintiff's claim that it had overpaid its 1970 income taxes. The dismissal with prejudice, therefore, constituted a determination that the 1970 taxes had not in fact been overpaid either by the amount claimed ($19,000) or in any other amount which plaintiff might have included in its refund claim. It was not an adjudication that plaintiff was liable for any additional tax subsequently assessed.
Although plaintiff might have requested a stay of the action in order to permit it to file a claim for the refund, obtain a disallowance, and then amend its complaint, it could not have obtained such a stay as of right, so that the failure to request the stay does not operate to bar a new action after plaintiff met the jurisdictional prerequisites which prevented the inclusion of the claim as Count II of the original action. In our judgment, the legal result is no different than had the deficiency notice been mailed after the trial (or the dismissal) of plaintiff's action for the $19,000 refund. Yet on defendant's theory of res judicata, had the Commissioner awaited final judgment in the $19,000 refund suit adverse to plaintiff and then mailed the 90 *372 day notice of deficiency plaintiff would be precluded from contesting its liability for the subsequent deficiency assessment or any part thereof. We are aware of no authority so holding.
Cleveland v. Higgins, 2 Cir., 148 F.2d 722, and similar cases relied on by defendant, are not in point. The Cleveland case held that inasmuch as the estate tax was assessed and paid as a single tax, the dismissal with prejudice of an action based on a disallowed claim for refund is res judicata as to every portion of the total tax payment which might have been included in the claim for refund. Inasmuch as present plaintiff could not have included in its claim for refund (the subject of the 1972 action) any tax for the year 1970 which had neither been assessed nor paid, it is clear that the dismissal with prejudice of the 1972 action did not adjudicate plaintiff's liability for the additional taxes thereafter assessed in whole or in part.
Defendant's motion for summary judgment is based in large part on its claim of res judicata which we have denied. However, it is apparent that there is no controverted issue of fact respecting plaintiff's liability for the deficiency assessment if that assessment was authorized and valid as we have held it to be. The complaint is grounded solely upon the proposition that the assessment was unauthorized and void under Section 7422(e). So, too, plaintiff's claim for refund of the payment of the deficiency assessment was premised on that theory. It follows that in the absence of controversy as to the correctness of the assessment, there is no issue of fact to be tried in this case, so that defendant is entitled to a summary judgment.
Accordingly, it is hereby ordered that plaintiff's motion for summary judgment be and the same is hereby overruled, that defendant's motion for summary judgment be and the same is hereby sustained, and the Clerk is hereby directed to enter judgment in favor of defendant and against plaintiff dismissing plaintiff's action at plaintiff's cost.
NOTES
[1] In spite of plaintiff's protestation that the opinion in the second Bar L Ranch case (426 F.2d 955) is much more lucid and authoritative, we find nothing in the opinion inconsistent with the earlier decision. The first case held that the assessment was valid in the sense that it was not prohibited by Section 7422(e). The second case, accepting that premise, merely held that the taxpayer had met its initial burden of showing that the Government's compilations were arbitrary, thereby imposing on the Government the burden of showing whether any deficiency existed and, if so, the amount thereof.