**The PFEIFFER COMPANY, a corporation, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 74–1650.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1975.

Decided June 6, 1975.

Rehearing and Rehearing En Banc Denied June 27, 1975.

---

Hugh R. Law, St. Louis, Mo., for appellant.

Alfred S. Lombardi, Atty., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before GIBSON, Chief Judge, and HEANEY and ROSS, Circuit Judges.

GIBSON, Chief Judge.

The Pfeiffer Company appeals the District Court's[1] grant of summary judgment dismissing its claim for refund of 1970 taxes. It claims that the enforced collection of additional taxes assessed during the pendency of a refund suit for the same taxable year is illegal as violative of § 7422(e) of the Internal Revenue Code of 1954, 26 U.S.C. § 7422(e) (1970), and the requirements of Fed.R.Civ.P. 13(a) respecting compulsory counterclaims. We affirm.

The facts are undisputed. The taxpayer corporation reported and paid $19,000 in accumulated earnings taxes for the calendar year 1970. After filing a claim for refund with the IRS and waiting six months as required by 26 U.S.C. § 6532 (1970), taxpayer filed a district court refund suit in July, 1972. Soon thereafter, the IRS audited the taxpayer's 1970 return and gave Pfeiffer the statutory 90-day notice of its determination to assess an additional accumulated earnings tax penalty of $44,877.39.

On September 8, 1972, the Government filed its answer[2] to plaintiff's complaint

---

1. The Honorable John K. Regan, United States District Judge for the Eastern District of Missouri, filed a Memorandum and Order reported at 385 F.Supp. 367 (E.D.Mo.1974).

2. In its answer the Government challenged taxpayer's demand for a $19,000 refund and gave notice of a "potential counterclaim" which it would later file in the event the taxpayer were to elect not to petition the Tax Court for redetermination of the $44,877.39 deficiency, but which it later chose not to file.

and on September 11 moved for the stay of proceedings required by § 7422(e).[3] The court granted the stay until January 29, 1973, to give taxpayer an opportunity to petition the Tax Court for redetermination of the additional $44,877.39 deficiency. Pfeiffer, however, elected not to petition the Tax Court and on January 15, 1973, suffered an additional assessment of $44,877.39. Within ten days and under protest, it paid the additional tax. Thereafter, with leave of the court, Pfeiffer amended its complaint, adding a second count for refund of the additional $44,877.39 payment. On the Government's motion, however, the court dismissed this count without prejudice due to taxpayer's jurisdictional failure to pursue the administrative claim remedy required by § 7422(a).[4] Left with only its original claim for refund of $19,000 taxpayer then for tactical reasons consented to dismissal of its complaint with prejudice.

3. 26 U.S.C. § 7422(e) states in relevant part:
    *Civil actions for refund.*
    \*    \*    \*    \*    \*
    (e) *Stay of proceedings.*—If the Secretary or his delegate prior to the hearing of a suit brought by a taxpayer in a district court or the Court of Claims for the recovery of any income tax \* \* \* mails to the taxpayer a notice that a deficiency has been determined in respect of the tax which is the subject matter of taxpayer's suit, the proceedings in taxpayer's suit shall be stayed during the period of time in which the taxpayer may file a petition with the Tax Court for a redetermination of the asserted deficiency, and for 60 days thereafter. If the taxpayer files a petition with the Tax Court, the district court or the Court of Claims, as the case may be, shall lose jurisdiction of taxpayer's suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer's suit for refund. *If the taxpayer does not file a petition with the Tax Court for a redetermination of the asserted deficiency, the United States may counterclaim in the taxpayer's suit, or intervene \* \* \* within the period of the stay of proceedings* notwithstanding that the time for such pleading may have otherwise expired. (emphasis added).

4. 26 U.S.C. § 7422(a) (1970) states:
    *Civil actions for refund.*
    \*    \*    \*    \*    \*    \*

In May, 1973, taxpayer filed a claim for refund of $44,877.39 which was disallowed by the IRS the following October, and finally, on November 5, 1973, instituted this second refund suit challenging the $44,877.39 assessment on procedural grounds.[5] The District Court's grant of summary judgment in favor of the Government in the second lawsuit is the sole subject of this appeal.

The issue presented is a narrow one—whether the Government may lawfully assess an additional tax deficiency while a suit for refund of taxes for the same tax year is pending in the district court or, alternatively, whether the Government's exclusive tax collection remedy under such a circumstance is by counterclaim in the pending refund suit. Taxpayer's argument rests on a somewhat appealing construction of the interacting procedural statutes governing tax refund litigation, specifically §§ 7422(e) and

    (a) *No suit prior to filing claim for refund.* —No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof.

5. The only justification for relief stated in taxpayer's second complaint and rejected by the District Court was the narrow procedural claim that:
    [The January 15, 1973, $44,877.39] assessment, notice and demand [entered while the district court suit for refund of the same year's taxes was pending] were unauthorized and void and enforcement of collection pursuant thereto illegal, because defendant's exclusive remedy if additional taxes were owed by plaintiff for said year, was by counterclaim (authorized by provisions of Section 7422(e) of the Internal Revenue Code) under [Fed.R.Civ.P.] Rule 13 \* \* \*.
    The complaint contained no challenge to taxpayer's 1970 tax liability on the merits.

6213,[6] but ignores the remaining options open to the IRS for the assessment and collection of taxes.

When a taxpayer is notified of a tax deficiency, § 6213(a) prohibits assessment during the 90 days allowed to petition the Tax Court for a redetermination, and if a petition is filed, prohibits assessment of the deficiency until the judgment of the Tax Court is final. If, as in the instant case, the Government asserts the deficiency while a previously filed refund suit concerning the same year is pending, § 7422(e) stays court proceedings during the 90-day Tax Court petition period and for 60 days thereafter. It further provides that if the taxpayer timely files his Tax Court petition, the case will be transferred to the Tax Court to the extent the Tax Court acquires jurisdiction by virtue of the pending suit's related subject matter. On the other hand, if the taxpayer elects *not* to petition the Tax Court, as did Pfeiffer in the instant case, the pending refund suit remains in the district court and the Government *"may counterclaim* in the taxpayer's suit * * * within the period of the stay of proceedings." 26 U.S.C. § 7422(e) (emphasis added). Section 7422(e), however, is silent as to the Government's alternatives should it choose not to counterclaim in the taxpayer's suit, as it did here. While admitting that "may" means "is authorized to," Pfeiffer reads "may counterclaim" as "must counterclaim or suffer the consequences."

In short, taxpayer maintains that the Government was obliged by § 7422(e) to counterclaim in the pending district court refund suit or forego the collection of the additional tax. Section 7422(e)'s mandate for a counterclaim, Pfeiffer argues, overrides the statutory assessment procedure of § 6213(c). Secondly, in taxpayer's view the Government was required to assert its retained common law action for debt against the taxpayer for $44,877.39 by a compulsory counterclaim in the district court under Rule 13(a), Fed.R.Civ.P. Since the Government's contrary use of the standard assessment procedure frustrated taxpayer's attempt to consolidate all litigation of its 1970 tax liability in the district court, the forum of its choice, Pfeiffer argues the Government thereby "short-circuited" the judicial process.

In response, the Government argues first that § 7422(e) does not nullify the Congressionally mandated assessment procedure of § 6213(c). Section 7422(e)'s provision for counterclaim, it argues, is merely permissive, not mandatory. Second, it asserts that the compulsory counterclaim procedure of Rule 13(a), Fed.R.Civ.P., does not displace the broad tax collection scheme afforded by the Code and further, because the Government's right to collect the additional deficiency did not mature into a legally cognizable claim until expiration of the 90 days permitted the taxpayer to seek Tax Court review, a counterclaim for the additional tax was not required. Third,

6. 26 U.S.C. § 7422(e) is set out in note 3, *supra.*
26 U.S.C. § 6213 (1970) states in relevant part:
*Restrictions applicable to deficiencies; petition to to Tax Court.*
(a) *Time for filing petition and restriction on assessment.*—Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed * * *, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except *as otherwise provided in section 6861* [jeopardy assessments], no assessment of a deficiency * * * and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day * * * period

* * * nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

* * * * * *

(c) *Failure to file petition.*—If the taxpayer *does not file a petition with the Tax Court* within the time prescribed in subsection (a), the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the Secretary or his delegate.

to construe Rule 13(a) as applicable to an asserted deficiency while a refund suit is pending could effectively shorten the general three year statute of limitations in § 6501, a result clearly contrary to Congressional intent. Thus, the Government argues the subsequent assessment was procedurally regular under § 6213(c) and not rendered unlawful by § 7422(e), and because the taxpayer failed to assert any other grounds in support of its refund claim, the District Court properly awarded summary judgment.

■ We agree with the District Court's conclusion that the assessment entered January 15, 1973, while the taxpayer's refund suit for the same tax year was pending in the district court was procedurally regular and enforceable. *Bar L. Ranch, Inc. v. Phinney,* 400 F.2d 90, 92 (5th Cir. 1968).[7] Section 6213(c) which provides a statutory directive requiring the Government to assess is ignored by taxpayer's argument and no language in that section suggests that it is subordinate to the permissive counterclaim procedure of § 7422(e):

> If the taxpayer does not file a petition with the Tax Court within the time prescribed in subsection [6213](a), the deficiency, notice of which has been mailed to the taxpayer, *shall be assessed, and shall be paid* upon notice and demand from the Secretary or his delegate.

26 U.S.C. § 6213(c) (emphasis added). Taxpayer's argument-by-implication that § 7422(e) overrides § 6213(c) or any other tax collection device available to the Government under the Code is not well taken.

7. In *Bar L. Ranch,* as in the instant case, the taxpayer sued for refund in the district court and thereafter (the same day) the IRS mailed a notice of deficiency for more tax. Taxpayer elected not to petition the Tax Court for redetermination of the deficiency and the IRS assessed the additional tax. In that case, however, the taxpayer chose not to pay the additional tax. The Government, in turn, successfully intervened in the taxpayer's refund suit to collect the subsequently assessed tax. The Fifth Circuit affirmed, holding that the IRS's power to assess is protected by § 7421(a) and can be interrupted by the taxpayer only by

As this court stated in *Florida v. United States,* 285 F.2d 596, 603 (8th Cir. 1960):

> We find nothing in § 7422(e) which prohibits the Commissioner from assessing for tax deficiencies in the normal way. * * * The statute provides that where a refund suit for a tax year is pending in the district court, the Government *may* intervene [or counterclaim] and assert a deficiency. *There is nothing in the statute to indicate that Congress intended that such should be the Government's exclusive remedy.* (emphasis added and footnote omitted).[8]

Similarly, in a related context, discussing 28 U.S.C. § 1346(a)(1) (1970) in *Flora v. United States,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), the Supreme Court recognized that when a taxpayer is faced with an additional related deficiency while his district court refund suit is pending, he has two mutually exclusive options under § 7422(e): he can petition the Tax Court with the hope of consolidating the entire dispute or he can pursue his district court suit. "Moreover, if he decides to remain in the District Court, *the Government may—but seemingly is not required to—bring a counterclaim* [.]" 362 U.S. at 166, 80 S.Ct. at 641 (emphasis added).

■ The sole support cited for the taxpayer's compulsory counterclaim theory is the Congressional policy evidenced by § 7422(e) in favor of granting the taxpayer an unobstructed choice of tax litigation forums—between the Tax Court on the one hand and the district

petitioning the Tax Court. In order to maintain the division of authority between the Tax Court and the other courts, the Government's power to enter such a second assessment must be recognized.

8. Although the challenged alternative collection device at issue in the *Florida* case was a tax lien enforcement proceeding under § 7403(c) rather than a subsequent assessment under § 6213(c), the court's construction of § 7422(e) is equally applicable in the instant case.

court or Court of Claims on the other. *United States v. Joe Graham Post No. 119, American Legion,* 340 F.2d 474, 476 (5th Cir.), *cert. denied,* 382 U.S. 824, 86 S.Ct. 55, 15 L.Ed.2d 70 (1965). We agree that Congress intended to give that choice to the taxpayer rather than to the Government. Both the House and Senate Committees reporting on the legislation in 1954 expressed the intent clearly:

> [Section 7422(e)] is a new provision to cover the situation where there is concurrent jurisdiction in the district court (or Court of Claims) and in the Tax Court over the same case. This may arise, for example, where the taxpayer files suit for refund in the district court and, while the suit is pending, a notice of deficiency is issued and he appeals that notice to the Tax Court. * * * *If the taxpayer does not appeal* [to the Tax Court], *the United States may then counterclaim in the taxpayer's suit* * * *.
>
> *The result under subsection (e) is* to give jurisdiction over the cause of action to only 1 court (2 courts may acquire jurisdiction under existing law), and *to give to the taxpayer the choice of which court shall have jurisdiction.* The taxpayer, by filing a petition in the Tax Court, would cause that court to have sole jurisdiction, or, by failing to file a petition in the Tax Court, would cause the district court or the Court of Claims to have sole jurisdiction. (emphasis added).[9]

■ We part company, however, at the taxpayer's assertion that § 7422(e)

was equally intended to honor a taxpayer's wish to *consolidate* all litigation over his liability for a given tax year into a *single case* before a single court. That assertion misconceives the fundamentally different functions of the Tax Court on the one hand and the district court or Court of Claims on the other.[10] While such consolidation will likely occur in the Tax Court, absent a Government counterclaim, it will not necessarily occur in the district court.

On the contrary, the primary purpose of § 7422(e) is to avoid concurrent jurisdiction and to give the taxpayer one additional opportunity to reach the Tax Court, not to draw the Government into the district court in an extraordinary or expedited fashion outside the standard procedural scheme. *Cf. Zeeman v. United States,* 395 F.2d 861, 865–66 (2d Cir. 1968). The Code stops short of compelling consolidation of all tax disputes for a given year in the district court. That is left to the district court's discretion under Rule 42(a), Fed.R.Civ.P., if subject matter jurisdiction and proper circumstances for consolidation exist.

■ Taxpayer's final argument that the Government was required by Rule 13(a), Fed.R.Civ.P., independent of § 7422(e), to assert its common law action of debt by way of counterclaim, is not persuasive. The Government's assertion of deficiency against taxpayer for the additional $44,877.39 in taxes did not ripen into an enforceable claim for relief of the sort encompassed by Rule 13 until the statutory tax assessment was entered. *Crocker v. United States,* 323 F.Supp. 718, 723 (N.D.Miss.1971).[11] By

---

**9.** This identical language is contained in both H.R.Rep. No. 1337 and S.Rep. No. 1622, 83d Cong., 2d Sess., 3 U.S.Code Cong. & Admin. News 4017, 4579–80 and 4621, 5261 (1954).

**10.** The Tax Court's scope of inquiry into a given year's tax liability in the usual case is broader than that of the district court or Court of Claims. If the Tax Court's jurisdiction is properly invoked by petition in response to a deficiency notice, it can in addition to finding that there is no deficiency, determine that there has been an overpayment to be refunded to the taxpayer. 26 U.S.C. § 6512(b)(1) (1970). On the other hand, neither the district court

nor the Court of Claims is given jurisdiction to redetermine deficiencies. Tax litigation in those courts, absent a counterclaim by the Government under § 7422(e), is limited to the taxpayer's suit for a refund. *See generally* J. Freeland & R. Stephens, *Fundamentals of Federal Income Taxation* 899 (1972).

**11.** Our reliance on *Crocker* does not extend to that court's conclusion in *dicta* that once the assessment is entered, Rule 13(a) compels the Government to counterclaim notwithstanding the permissive wording of § 7422(e).

**130**

statute that assessment, except in the case of jeopardy assessment, could not be accomplished until 90 days after the notice of deficiency was issued. Moreover, because the Government has a wide range of extra-judicial tax collection devices at its disposal, we doubt that the Federal Rules of Civil Procedure can be read to compel the Government to litigate when, as in this case, for reasons of its own it chooses not to. Also, because after the assessment the taxpayer promptly paid the $44,877.39 deficiency, the Government's claim was satisfied and it had no further need or opportunity to counterclaim permissively in the taxpayer's suit.

■ We hold that the Government's additional assessment entered while taxpayer's suit for refund of taxes for the same tax year was pending in the District Court was procedurally permissible. While we agree that the taxpayer generally should have the choice of forum in the refund situation, this plaintiff is entitled to no relief. Taxpayer paid the $44,877.39 under the subsequent assessment and prematurely sued for refund. The Government obtained dismissal of the taxpayer's premature amended count and the taxpayer agreed to dismissal with prejudice, thereby voluntarily foreclosing its first claim entirely. In its second suit the taxpayer argued only that the Government's subsequent assessment was void because it was required to proceed by a compulsory counterclaim in the first refund suit. Failing on that claim and otherwise choosing not to meet its burden of proving entitlement to a refund, taxpayer suffered summary judgment without affording itself any chance to litigate the merits of its 1970 tax liability. Whatever rights taxpayer may have had, if any, to have its 1970 tax liability determined in a single case by the court of its choice were, therefore, foreclosed by the Government failing to counterclaim and by taxpayer's own actions in not contesting the merits of the assessment in separate suits that could possibly later be consolidated.

The judgment of the District Court is affirmed.

HEANEY, Circuit Judge (concurring).

I concur in the majority opinion solely on the grounds that the taxpayer foreclosed its rights to contest the validity of its 1970 tax liability by suffering a summary judgment to be entered against it. In my view, *Florida v. United States,* 285 F.2d 596 (8th Cir. 1960), was wrongly decided and should not be followed by us in this case. If the issue decided in *Florida* was squarely presented here, I would request that our Court hear the matter en banc so that we could reconsider that decision. In my view, Congress intended to give the taxpayer the choice of tax forums and that choice can only be honored if the taxpayer has the right to consolidate all litigation over his tax liability for a given tax year into a single case before a single court. The way we leave the matter, the real choice still lies with the government and that is contrary to what Congress intended.