**George CALESHU, Plaintiff,**

v.

**UNITED STATES of America et al., Defendants.**

**No. 76–680C(3).**

United States District Court, E. D. Missouri, E. D.

April 21, 1977.

Douglas B. Brockhouse, Thomas, Busse, Goodwin, Cullen, Clooney & Gibbons, St. Louis, Mo., for plaintiff.

Gerald A. Kafka, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., Stephen G. Fuerth, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., Barry A. Short, U. S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM

WANGELIN, District Judge.

This matter is again before the Court to settle a dispute concerning the proper forum for this litigation. This is a tax refund action. Defendant assessed plaintiff with certain taxes owed by several Hawaii corporations on the theory that defendant was a "responsible person" under 26 U.S.C. § 6672. Plaintiff paid Three Thousand Two Hundred Fifty Seven Dollars and Twenty Eight Cents ($3,257.28) of this claimed assessment. Count I of this suit requests a refund of that amount. Count II seeks to enjoin defendant from attempting to collect any of the other taxes assessed against plaintiff.

The government originally moved to dismiss for improper venue or alternatively to change venue. Defendant also moved to dismiss Count II of the complaint on the theory that it was barred by 26 U.S.C. § 7421(a), which prohibits suits to enjoin the collection of taxes. The Court stayed a ruling on the motion to dismiss Count II and changed the venue to the United States District Court for the District of Hawaii. In *Caleshu v. Wangelin*, 549 F.2d 93 (8th Cir. 1977), the Court of Appeals held that the change of venue was improper and the matter was returned to this Court.

The United States has now filed an action in the United States District Court for the District of Hawaii to reduce the unpaid assessments to judgment. Plaintiff has moved to stay that proceeding on the theory that it is a compulsory counterclaim in this action under Rule 13(a) of the Federal Rules of Civil Procedure.

In *Pfeiffer v. United States*, 518 F.2d 124 (8th Cir. 1974) a similar problem was considered. In *Pfeiffer*, taxpayer paid an assessment and then brought a refund action. While that suit was *pending*, a new assessment was made. The government did not counterclaim in the original action and taxpayer dismissed the case. The question then arose as to whether the second assessment should have been brought as a Rule 13(a) counterclaim to the refund suit and was thus barred by its dismissal.

The Court held that Rule 13(a) did not apply, but based its decision on the status of the government's second assessment. "The government's assertion of deficiency against taxpayer for the additional $44,877.39 in taxes did not ripen into an enforceable claim for relief of the sort encompassed by Rule 13 until the statutory tax assessment was entered. *Crocker v. United States*, 323 F.Supp. 718, 723 (N.D.Miss. 1971). By statute that assessment except in the case of jeopardy assessment could not be accomplished until ninety days after the notice of deficiency was issued." (Footnote omitted) 518 F.2d at 129. In this case the government's claim had matured well before the refund action was filed. Thus, the reasoning of *Pfeiffer* does not apply.

In *Crocker v. United States, supra* (cited in *Pfeiffer*) the court discussed the exact situation present here. "It is the court's judgment and the court so holds that defendant must thereupon counterclaim in this action for the additional taxes assessed for the taxable years in question against

taxpayers. Once the assessment is made the claim of the defendant against the taxpayers for the additional taxes represented by the assessment become subject to the compulsory counterclaim within the purview of Rule 13(a) Fed.R.Civ.P." 323 F.Supp. at 727. The Eighth Circuit, recognizing that this statement was not necessary to decide the issues presented by the *Crocker* case said "our reliance on *Crocker* does not extend to that court's conclusion in *dicta* that once the assessment is entered, Rule 13(a) compels the government to counterclaim notwithstanding the permissive wording of § 7422(e)." 518 F.2d at 129, fn. 11. The court went on to say that: "Because the government has a wide range of extra-judicial tax collection devices at its disposal, we doubt that the Federal Rules of Civil Procedure can be read to compel the government to litigate when, as in this case, for reasons of its own it chooses not to." 518 F.2d at 130.

Two competing interests are at stake here. The first is the theory behind Rule 13(a) that suits between the same parties involving similar legal and factual issues should normally be tried as one action. An analysis of the factors set out in Rule 13(a) seems to indicate that the government's claim falls well within the scope of that Rule. Thus, it is clearly in the interest of judicial economy to litigate all of the assessments in question here in one suit.

■ The competing interest arises from the nature and requirements of a refund suit. In such actions the district court may not assume jurisdiction over a particular assessment unless the entire amount has been paid to the government. 28 U.S.C. § 1346(a)(1). *Flora v. United States,* 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on rehearing,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). This rule even applies to the extent that courts will examine payments made in multiple assessment

cases to determine if they are partial payments applied to each assessment or complete payment of a particular assessment.[1] If they are only partial payments the *Flora* rule will apply. Thus, there is a strong policy requiring the payment of all assessments before a taxpayer can litigate them in the district court.[2]

■ Although these interests are both compelling, the policy of Rule 13(a) must prevail. The Court finds no reason to hold that the United States is not subject to Rule 13(a). Once such a conclusion has been reached, there is no authority to find an implied exception to Rule 13(a) in refund cases, no matter how desirable such a result might be. Accordingly, plaintiff's motion will be granted and defendant will be ordered to stay prosecution of its suit in Hawaii.

■ The Court has carefully considered defendants' motion to dismiss Count II of plaintiff's complaint. The Court tends to believe that the action is barred by 26 U.S.C. § 7421(a) as argued by defendant. However, this case is only at the pleadings stage and such a conclusion is not certain. Accordingly, the motion will be denied at this time.

---

1. In fact plaintiff admits that that particular problem may arise in this case.

2. Plaintiff argues strenuously that defendant is attempting to circumvent the ruling of the Court of Appeals with regard to the venue in

this matter. Defendant on the other hand argues just as strenuously that plaintiff is trying to litigate all the assessments in a refund action without paying most of them.