Harold R. Bickham, Asst. U.S. Atty., Indianapolis, Ind., and David M. Wise, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

**Mary Lou UNROE, Plaintiff,**

v.

**Judge Julian I. JACOBS, Defendant.**

**No. IP 85–751–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Oct. 1, 1985.

### ENTRY

NOLAND, Chief Judge.

This cause is before the Court on the Plaintiff's *pro se* Complaint, the Defendant's Motion to Dismiss and the Plaintiff's "Opposition to Motion to Dismiss."

The Court, having read and examined such Complaint, Motion and Opposition, and being duly advised, now finds that the Motion to Dismiss should be granted and this cause dismissed.

IT IS THEREFORE ORDERED that the Defendant's Motion to Dismiss is GRANTED, that the Plaintiff take nothing by her Complaint and that this cause is DISMISSED.

### MEMORANDUM

The Plaintiff, a resident of Anderson, Indiana, unsuccessfully petitioned the Unit-

ed States Tax Court for a redetermination of a tax deficiency assessment regarding her federal income tax liability for the year 1981. *Mary Lou Unroe v. Commissioner,* 49 T.C. Memo 1985-149 (March 27, 1985). In addition, the Plaintiff was assessed a penalty of $2,500 pursuant to 26 U.S.C. § 6673. In the instant action the Plaintiff denies owing any tax or deficiency, she asserts that the Tax Court lacked jurisdiction to adjudicate her claim, alleges that she was denied an impartial decision-maker and was otherwise denied due process under the Fifth Amendment in her proceeding in the Tax Court, including the denial of a jury trial. Although she names as Defendant the Tax Court Judge who heard her case she seeks an order compelling "the Defendants" to sue her in this Court to collect the alleged deficiency.

Although a Complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson,* 355 U.S. 41, 42, 45–46, 78 S.Ct. 99, 100, 101–102, 2 L.Ed.2d 80 (1957), the Plaintiff's claims in this action are utterly frivolous. It is quite clear that the Plaintiff *did* have the option of paying the alleged deficiency and bringing a suit for refund in this Court—thereby preserving her right to a jury's determination—or of petitioning the Tax Court for a redetermination of the alleged deficiency—which is the course the Plaintiff elected to take. 26 U.S.C. § 422; *Pfeiffer Company v. United States,* 518 F.2d 124, 129 (8th Cir. 1975). Having made her election, the Plaintiff may not now complain that she is discontent with the procedures applicable to the remedy she chose.

In addition, as to the asserted violation of her rights in the course of the proceedings before the Tax Court, the Plaintiff's remedy lies in an appeal to the Court having jurisdiction over the Tax Court's decision, pursuant to Rule 13 of the Federal Rules of Appellate Procedure. This remedy has not been alleged to be inadequate to protect the Plaintiff's rights. *Ellis v. Hamilton,* 669 F.2d 510 (7th Cir.1982).

Accordingly, the Court finds that the Plaintiff's Complaint fails to state a claim upon which relief can be granted and this cause must be dismissed.