IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 98-20540
_____

RICHARD L. MARRÉ; AGRITECH ENTERPRISES, INCORPORATED,

                    Plaintiffs-Appellees,

HP-84 NURSERY ASSOCIATES, INCORPORATED,

                    Intervenor-Plaintiff-Appellee,

v.

UNITED STATES OF AMERICA,

                    Defendant-Appellant.

_____

RICHARD L. MARRÉ,

                    Plaintiff-Appellee,

v.

UNITED STATES OF AMERICA,

                    Defendant-Appellant.

_____

AGRITECH ENTERPRISES, INCORPORATED,

                    Plaintiff-Appellee,

v.

UNITED STATES OF AMERICA,

                    Defendant-Appellant.

_____
_____

No. 98-20717
_____

RICHARD L. MARRÉ; AGRITECH ENTERPRISES, INCORPORATED,

Plaintiffs-Appellees,

v.

UNITED STATES OF AMERICA,

Defendant-Appellant.

_____

RICHARD L. MARRÉ,

Plaintiff-Appellee,

v.

UNITED STATES OF AMERICA,

Defendant-Appellant.

_____

AGRITECH ENTERPRISES, INCORPORATED,

Plaintiff-Appellee,

v.

UNITED STATES OF AMERICA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Texas
(H-88-CV-1103)
_____

August 18, 1999

Before GARWOOD, DUHÉ, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The United States of America ("Government") appeals the district court's March 17, 1997 order for summary judgment and May 26, 1998 award of attorneys fees to Richard Marré ("Marré") and Agritech Enterprises, Inc. ("Agritech"). The district court granted summary judgment in light of its finding that Government representations made during a February 1992 wrongful disclosure trial judicially estopped the Government from later assessing civil tax penalties pursuant to Internal Revenue Code ("I.R.C.") §§ 6700 and 6701. The district court additionally awarded attorneys fees based upon its determination that the Government's position in defending against Marré and Agritech's suit seeking the refund of I.R.C. §§ 6700 and 6701 penalties was not substantially justified. For the reasons set forth below, we reverse and remand as to both the grant of summary judgment and the award of attorneys fees.

I

This case has a long history. Richard L. Marré, through his business Agritech Enterprises, Inc. (collectively "Appellees"), marketed solar powered greenhouses to investors as tax shelters in the early 1980's. During an Internal Revenue Service ("I.R.S.") investigation of Appellees' tax shelter activities,[2] the I.R.S. improperly disclosed to third parties that Appellees were under criminal investigation for tax violations. Appellees filed suit under I.R.C. § 7431 against the IRS, seeking damages for the

---

[2]In 1985, the Criminal Investigation Division of the IRS began an investigation of Marré and Agritech relative to the greenhouse promotion.

3

unauthorized disclosure of their tax return information ("wrongful disclosure suit"). A bench trial was held in February 1992. After Appellees prevailed on their wrongful disclosure suit,[3] the I.R.S. assessed civil penalties against Appellees pursuant to I.R.C. §§ 6700 and 6701 for promoting abusive tax shelters and aiding and abetting the understatement of tax liabilities. Appellees paid 15% of the penalties and sued the I.R.S. for a refund ("refund suit").

During the course of litigating their refund suit, Marré and Agritech moved the district court for summary judgment, arguing that: (1) the Government ought be judicially estopped from assessing I.R.C. §§ 6700 and 6701 penalties as a result of representations made during the February 1992 wrongful disclosure trial wherein the Government stated that its investigation of Appellees had been closed; (2) the Government improperly duplicated penalties in violation of I.R.C. § 6701(f)(3); (3) the Government's assessment of penalties constituted an untimely compulsory counterclaim that the Government should have brought in response to the Plaintiffs' wrongful disclosure suit; and (4) laches and statute of limitations precluded the assessment of penalties. The district court granted summary judgment based on judicial estoppel, addressing and rejecting Appellees' alternative grounds for summary judgment. Subsequently, the district court awarded Appellees attorneys fees pursuant to I.R.C. § 7430 in light of its finding

_____

[3]The parties appealed this case twice to the Fifth Circuit during this phase. See United States v. Marré, 38 F.3d 823, (5th Cir. 1994) ("Marré I"); United States v. Marré, 117 F.3d 297 (5th Cir. 1994) ("Marré II").

4

that the Government's position in defending Marré and Agritech's refund suit was not substantially justified.

The Government appeals the district court's grant of summary judgment and award of attorneys fees. In particular, the Government challenges the district court's finding that the Government during the February 1992 wrongful disclosure trial stipulated, or in any way represented, that all investigations of Marré and Agritech were closed; that even if such a representation had been made, the district court erred in finding that such a statement judicially estopped the Government from assessing civil tax penalties against Appellees for unlawful conduct discovered during the investigation; and that the district court erred in finding that the Government's position in defending the refund suit was not substantially justified. In response, Marré and Agritech urge anew the arguments earlier made to the district court as alternative grounds supporting summary judgment.[4]

II

A

We review the district court's grant of summary judgment de novo. In so doing, we view the evidence in the light most favorable to the non-movant, i.e. the Government, and apply the same standard as the district court. See Wenner v. Texas Lottery Comm'n, 123 F.3d 321, 324 (5th Cir. 1997). If the pleadings and

---

[4]HP-84 Nursery Associates ("HP-84") is a judgment creditor of Marré intervening in this case to obtain any damages awarded to Marré had we affirmed the district court's ruling. HP-84 filed a letter in lieu of a brief essentially adopting the position of Marré.

5

other summary judgment evidence demonstrate that no genuine issue as to any material fact exists, then we grant judgment as a matter of law to the movants, i.e. Marré and Agritech. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-24, 106 S. Ct. 2548, 2552-53 (1986); see also Fed. R. Civ. P. 56(c). With regard to attorneys fees, we review the district court's award for abuse of discretion. See Marré v. United States, 117 F.3d 297, 301 (5th Cir. 1997).

B

The Government argues that the district court erred in holding that the Government's stipulation and assertions at trial judicially estopped it from assessing penalties against the Appellees for the following reasons: (1) the Government did not stipulate or assert at the wrongful disclosure trial that the civil investigation of the Appellees was closed; (2) the question of whether the Government stipulated that all investigation of the Appellees was closed, rather than just the criminal investigation, is a genuine issue of material fact precluding summary judgment for the Appellees; (3) the Government did not "successfully maintain" in the disclosure litigation that the investigation was closed; and (4) even assuming that the Government did stipulate or assert that all investigations of the Appellees were closed, judicial estoppel does not prevent the Government from assessing penalties based on conduct discovered in those investigations.

The doctrine of judicial estoppel "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding."

6

Ergo Science, Inc. v. Martin, 73 F.3d 595, 598 (5th Cir. 1996). The doctrine "applies to protect the integrity of the courts--preventing a litigant from contradicting its previous, inconsistent position when a court has adopted and relied on it." Afram Carriers, Inc. v. Moeykens, 145 F.3d 298, 303 (5th Cir. 1998).

In a stipulation filed with the district court one month before the wrongful disclosure trial, the Government agreed to the following:

> The parties agree and stipulate that Appellees Richard L. Marré and Agritech Enterprises, Inc. are no longer under any grand jury or administrative criminal tax investigation and that Appellees have never been charged or indicted as a result of the I.R.S. investigation conducted by Special Agent Lindell Parrish or the grand jury. The United States objects to the admissibility of this stipulated fact on the ground that it is not relevant.

Additionally, the Government's trial counsel made similar representations to the district court during the wrongful disclosure trial.

While it would appear that the Government at most represented that Marré and Agritech as of the time of the wrongful disclosure trial were no longer under criminal investigation, resolution of the appeal now before us does not turn on the characterization of the Government's representations to the district court regarding the status of I.R.S. investigations of Marré and Agritech. Even if we were to find that the Government represented that all investigations had been terminated (including any civil investigation), such a representation would not be inconsistent

7

with the assessment of penalties pursuant to I.R.C. §§ 6700 and 6701. The fact that the I.R.S. may have closed its investigations into the conduct of Marré and Agritech does not necessarily mean that the I.R.S. could not at some later time choose to reopen an investigation. Additionally, the fact that an investigation has been closed does not prevent the Government from later assessing penalties based on improper conduct discovered during the course of that investigation. Because the Government at no time represented to the district court that tax penalties would not be assessed against Marré and Agritech, we find that the district court improperly concluded that the Government was judicially estopped from assessing civil tax penalties. For this reason, we hold that the district court erred in granting summary judgment on this ground.

C

As an alternative basis for the district court's grant of summary judgment, Marré and Agritech argue (1) that the Government's assessment of penalties under the Internal Revenue Code constituted a compulsory counterclaim which in accordance with Fed. R. Civ. P. 13 should have been brought in response to the Appellees' wrongful disclosure suit and (2) that the Government duplicated penalties against the Appellees in violation of § 6701(f)(3). The district court denied summary judgment as to both these grounds. First, the district court rejected Marré and Agritech's compulsory counterclaim argument relying on Pfeiffer Co. v. United States, 518 F.2d 124, 130 (8th Cir. 1975) ("[B]ecause the

8

Government has a wide range of extra-judicial tax collection devices at its disposal, we doubt that the Federal Rules of Civil Procedure can be read to compel the Government to litigate when, as in this case, for reasons of its own it chooses not to.") and Gustin v. United States, 876 F.2d 485, 490 n.1 (5th Cir. 1989) ("The strictures of Fed.R.Civ.P. 13 simply do not apply to counterclaims for delinquent taxes."). Second, consistent with the requirements of § 6701(f)(3) which provides that "no penalty shall be assessed under section 6700 on any person with respect to any document for which a penalty is assessed on such person under subsection (a)," the district court rejected Appellees' duplicated penalty claim noting that "[n]othing in the record supports Marré and Agritech's argument that the assessments were based on the same document." Marré v. United States, Civil Action H-88-1103, slip op. at 3 (S.D. Tex. Mar. 18, 1998).

After careful review of the record, we adopt the conclusions of the district court on these points and find that neither provides a basis for summary judgment. With regard to the district court's award of attorneys fees pursuant to I.R.C. § 7430, we find that Marré and Agritech no longer qualify as "prevailing part[ies]" and therefore reverse that award. See Internal Revenue Code § 7430(a) (providing that a prevailing party may be awarded a judgment for reasonable litigation costs in any court proceeding against the United States).

## III

For the foregoing reasons, we reverse both the district

9

court's grant of summary judgment and award of attorneys fees.

REVERSED